BAYLY, MARTIN & FAY, INC., OF ALASKA, d/b/a Clary-Pioneer Insurance Agency, Appellant,

v.

ARCTIC AUTO RENTAL, INC., d/b/a Airways Rent-A-Car of Alaska, Appellee.

No. 1891.

Supreme Court of Alaska.

Jan. 21, 1974.

---

John Scott, of Holland, Thornton & Scott, Anchorage, for appellant.

James D. Rhodes of Cole, Hartig, Rhodes & Norman, Anchorage, for appellee.

Before CONNOR, ERWIN, BOO-CHEVER, and FITZGERALD, JJ.

## OPINION

PER CURIAM.

This case involves the award of costs and attorneys' fees to appellant under Rule 68[1] on its acceptance of an offer of judgment and the offsetting award of costs and attorney fees to appellee from the date of the offer of judgment until the date of acceptance of the offer.

We hold that the award of costs and attorneys' fees to appellee in this case should be reversed. Recently, in Davis v. Chism,[2] this court held that the offer of judgment must be construed as including the defendant's assessment of all the damages that plaintiff is entitled to. Further, the court noted that the date of the offer and not the date of some ultimate judgment was the critical date for determining whether the judgment was sufficient.[3]

Therefore, in the case at bar, the award of costs and attorneys' fees should have been computed for both parties as of the date the offer was made and not at the later time when accepted.[4]

The award of costs and attorneys' fees to appellee is reversed and this case is remanded to the superior court with directions to enter a new judgment in conformity with this opinion.

RABINOWITZ, C. J., not participating.

1. Alaska R.Civ.P. 68 provides as follows:
At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

2. 513 P.2d 475 (Alaska 1973).

3. *Id.* at 482, n. 6.

4. Appellee urges that since it could not revoke the offer, it should be permitted to recover its costs and attorneys' fees accrued during the period until acceptance. However, in *Davis*, we held that the plaintiff could not recover prejudgment interest during this period and by implication held that his costs and attorneys' fees were similarly restricted. Further, to permit defendant to be awarded costs and attorneys' fees during this period is to permit a reduction of the amount offered and to turn an unconditional offer into a conditional one. The plaintiff would only be aware of the exact amount of the offer on the date of receipt, and the subsequent 10 day period would be superfluous.