**TAYLOR CONSTRUCTION SERVICES, INC., and Ritchie Transportation Company, Inc., a joint venture, and Fidelity and Deposit Company of Maryland, Appellants,**

v.

**URS COMPANY, Appellee.**

**No. S–2014.**

Supreme Court of Alaska.

July 22, 1988.

---

Geoffrey G. Currall, Keene & Currall, Ketchikan, and Robert J. Burke, Oles, Morrison, Rinker, Stanislaw & Ashbaugh, Seattle, Washington, for appellants.

David D. Clark, Cummings, Clark & Tugman, Anchorage, and Wayne C. Booth and Donald P. Lehne, Beresford, Booth, Baronsky & Trompeter, Seattle, Wash., for appellee.

Before RABINOWITZ, C.J., and MATTHEWS, COMPTON and MOORE, JJ.

### ORDER

IT IS HEREBY ORDERED:

The judgment of the superior court is AFFIRMED by an evenly divided court.

RABINOWITZ, Chief Justice, joined by MATTHEWS, Justice, would affirm the superior court for the following reasons.

This appeal arises from a contract dispute among Taylor Construction Services,

Inc. and Ritchie Transportation Company, Inc. ("Taylor-Ritchie"), URS Company ("URS"), and the City of Wrangell ("Wrangell"). Taylor-Ritchie contracted with Wrangell to perform a project engineered by URS. An unresolved dispute led Taylor-Ritchie to sue Wrangell and URS for contract balances and delay and impact damages, alleging negligence and breach of implied warranty. Taylor-Ritchie sought roughly $334,000.00.

Wrangell counterclaimed for defects in construction resulting in damages of approximately $600,000.00. URS did not file a counterclaim.

Prior to trial Wrangell and URS made a joint offer to settle all claims against them, as well as Wrangell's counterclaim against Taylor-Ritchie, by payment of $70,000.00, unapportioned between the offerors.[1] Taylor-Ritchie did not accept the offer within 10 days.

After a five week bench trial, the superior court found all parties were negligent to some degree and that (1) Wrangell and URS were jointly and severally liable to Taylor-Ritchie on its claim in the approximate sum of $162,000.00, and (2) Taylor-Ritchie was liable to Wrangell on its counterclaim in the approximate sum of $223,700.00. The superior court deducted the former from the latter and gave judgment to Wrangell for $61,700.00. No attorney's fees were awarded to any party because all parties were found to be at fault.

The superior court was subsequently informed of the offer of judgment. It recomputed its calculation of damages and raised Wrangell's award from $61,700.00 to $86,900.00. In accord with Civil Rule 68, the court then awarded Wrangell after-offer attorney's fees of $45,000.00 and costs of $11,959.80, with interest. It also awarded URS attorney's fees of $35,000.00 and costs of $18,659.41, with interest.

Taylor-Ritchie appeals only from the award of attorney's fees and costs to URS. Taylor-Ritchie argues first that the joint offer of judgment was ineffective to invoke Rule 68's penal cost sanctions. Second, it argues that its recovery was more favorable than the joint settlement offer, and that cost sanctions under Rule 68 are therefore impermissible. Finally, Taylor-Ritchie argues that the superior court abused its discretion by reversing its initial decision that each party should bear its own costs and attorney's fees, and by imposing fees substantially higher than those allowed by Rule 82(a)(1).

We are not persuaded by these arguments and accordingly would affirm the superior court's award pursuant to Civil Rule 68 of post-offer attorney's fees and costs.

*Discussion*

At the time the superior court entered its judgment, Civil Rule 68 provided in pertinent part, "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."[2]

## I. *JOINT OFFER*

■ This court has not previously addressed the factual circumstances of an offer of settlement made by multiple defendants where one defendant has a counterclaim against the plaintiff. We have previously held that joint offers of settlement by one defendant to several plaintiffs are ineffective under certain circumstances to invoke the penal cost sanctions of Rule 68.

In *Brinkerhoff v. Swearingen Aviation Corp.*, 663 P.2d 937, 943 (Alaska 1983), we held that defendant's failure to apportion the offer among plaintiffs deprived each plaintiff of the opportunity to accept or

1. The offer provided that the proposed compromise judgment would be

    [i]n full settlement for all alleged claims or damages including special and general damages and claims allegedly suffered by plaintiff Taylor/Ritchie Contractors against the City of Wrangell and URS Company, including prejudgment interest and the relinquishment of all counterclaims by the City of Wrangell, over and above all lawful off-sets....

2. The superior court entered its judgment on October 27, 1986. Civil Rule 68 was amended by Supreme Court Order 818, effective August 15, 1987. The provision analogous to the quoted language now appears at Rule 68(b).

reject its portion of the offer. Because apportionment problems among offerees could frustrate the purpose of Rule 68 to encourage settlement of civil litigation, we held that defendant's joint offer of settlement was ineffective to trigger Rule 68's cost sanctions. We have also held that a joint offer conditioned on its acceptance by all plaintiffs is ineffective to trigger Rule 68's cost sanctions. *Hayes v. Xerox Corp.*, 718 P.2d 929, 937–38 (Alaska 1986) (affirming Rule 68 fee award where offer was not conditioned on joint acceptance).

Taylor–Ritchie's argument by analogy that these cases render the offer in this case ineffective to bring into play Rule 68's sanctions is not persuasive. The settlement offer clearly indicated all claims between the parties would be resolved if the offer were accepted. In the words of the superior court, "the offer was inclusive of all of the relationships among the parties and their conflicting claims." We further agree with the superior court's observation that "[n]o apportionment difficulty existed, and plaintiff, in failing to accept the offer, assumed the risk of the penalty." We would hold that the settlement offer was sufficient to trigger the penal cost sanctions provided for in Rule 68.

## II. *THE JUDGMENT OBTAINED*

■ Taylor-Ritchie argues that the $162,000.00 judgment it obtained against Wrangell and URS jointly and severally was more favorable than the joint and several settlement offer of $70,000.00, and hence an award of Rule 68 penal cost sanctions to URS was improper. It is important to note, however, that in addition to a $70,000.00 payment, Wrangell and URS's settlement offer included dismissal of Wrangell's counterclaim against Taylor-Ritchie. While the superior court awarded Taylor-Ritchie $162,000.00 in damages, the court also awarded Wrangell $223,700.00 in damages for Wrangell's counterclaim (later recomputed to equal $248,900.00). The court then offset the two recoveries to achieve a "[n]et award" to Wrangell of $61,700.00 (later $86,900.00).[3] A judgment requiring Taylor-Ritchie to pay $61,700.00 is clearly less favorable to Taylor-Ritchie than an offer from Wrangell and URS to pay Taylor-Ritchie $70,000.00, and to drop Wrangell's counterclaim. Therefore, the language of Rule 68 at the time of the judgment controls: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer."

## III. *ATTORNEY'S FEES IMPOSED*

■ Taylor-Ritchie argues that the superior court abused its discretion in awarding URS attorney's fees in a greater amount than would have been allowed by the schedule set forth in Civil Rule 82(a). Rule 82 clearly gives the trial court discretion to award fees in an amount different from that prescribed by the schedule. Rule 82(a)(1) provides:

*Unless the court, in its discretion, otherwise directs*, the following schedule of attorney's fees will be adhered to in fixing such fees for the party recovering any money judgment therein:

[table set forth]

Should no recovery be had, attorney's fees may be fixed by the court in its discretion in a reasonable amount.

(Emphasis added.) Civil Rule 82(a)(2) further authorizes the court to exercise its discretion in certain cases:

In actions where the money judgment is not an accurate criteria [sic] for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

We have repeatedly recognized the trial court's broad discretion in awarding attorney's fees. *Tolstrup v. Miller*, 726 P.2d 1304, 1307 (Alaska 1986); *Palfy v. Rice*, 473 P.2d 606, 613 (Alaska 1970); *Dale v.*

---

**3.** The judgment entered by the superior court reads in part: "[T]he defendant City of Wrangell shall recover from plaintiff, and its surety, a net award of $86,900.00, with ... attorney fees in the amount of $80,000.00, with $45,000.00 of that to the defendant City of Sitka [sic] and $35,000.00 to the defendant URS Company."

*Greater Anchorage Area Borough*, 439 P.2d 790, 793 (Alaska 1968). We have required only that the trial court specify its reasons in the record when it departs from the fee schedule of Rule 82(a). *Hayes*, 718 P.2d at 938–39; *Patrick v. Sedwick*, 413 P.2d 169, 179 (Alaska 1966). This the superior court did:

> Applying the formula of Rule 82(c)(1) [sic] to the net award of $86,900 would result in a fee award of $11,190. This sum does not provide an accurate criterion for the fee to be allowed, being insufficient to be commensurate with the amount and value of the legal services rendered. The trial lasted approximately five weeks (in excess of 24 trial days) and involved a very substantial number of witnesses, including experts on all sides. There was a large mass of exhibits, many of which were lengthy and detailed construction records. Attorney fees should accordingly be set under Rule 82(a)(2) rather than by the schedule in sub-paragraph (1) of the Rule.[4]

BURKE, J., not participating.

COMPTON, Justice, joined by MOORE, Justice, would reverse the decision of the superior court. For the following reason, they decline to express the basis of their disagreement with that decision:

In the past, when this court has affirmed a lower court's decision by an evenly divided vote, our practice was to issue an order stating only that the decision was affirmed. There was neither publication nor statement of an expression of the reasons for affirmance or reversal of the lower court's decision. We believe this practice to be based upon sound, reasonable and necessary policy considerations involving litigants, the bar, the bench and the public.

Since this order is not precedent, reasons for affirmance or reversal of the superior court decision are immaterial. Accordingly, we adhere to our prior practice and decline to express reasons for reversal.

---

4. The superior court further reasoned:
   Although the major award was to the defendant City of Sitka, [sic] both defendants were joined in responsibility for the offer of judgment that plaintiff rejected. Also both defendants participated jointly in presentation of the defense that accomplished a minimizing of the result on plaintiff's claims. The defendant URS should not be excluded from some share of partial attorney fees.