Tom FARR, and Tom Farr d/b/a T.R. Company, Appellants,

v.

Archie STEPP and Querida Stepp d/b/a Northern Mechanical; Stephan/Northern, a Joint Venture; Hartford Accident and Indemnity Company, Appellees.

No. S–3078.

Supreme Court of Alaska.

March 2, 1990.

Rehearing Denied March 29, 1990.

**36**

Raymond A. Nesbett, Anchorage, for appellants.

Raymond H. Royce, Royce & Brain, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, BURKE, COMPTON and MOORE, JJ.

**OPINION**

RABINOWITZ, Justice.

Tom Farr appeals the superior court's invocation of the penal costs sanctions provided for in Civil Rule 68. We reverse.

## I. INTRODUCTION.

Tom Farr, Tom Farr d/b/a T.R. Company and Omni North sued Stephan/Northern ("S/N") in September, 1986 for over $250,000 in unpaid wages and rental equipment charges, together with interest, costs, and attorney's fees. S/N's original answer did not contain a counterclaim. On October 20, 1987 S/N moved to amend its answer to add a counterclaim for $70,000 in unpaid equipment rental charges and damages for fraud. Tom Farr opposed S/N's motion to amend. While the motion was pending, S/N made the following offer of judgment:

> COMES NOW, Defendants ARCHIE STEPP and QUERIDA STEPP d/b/a NORTHERN MECHANICAL, STEPHAN/NORTHERN, J.V., and HARTFORD ACCIDENT AND INDEMNITY, and pursuant to AS 09.30.065, hereby offers Plaintiffs a judgment in this matter, in complete satisfaction of all of Plaintiffs' claims against Defendants ARCHIE STEPP and QUERIDA STEPP d/b/a NORTHERN MECHANICAL, STEPHAN/NORTHERN, J.V., AND HARTFORD ACCIDENT AND INDEMNITY, in the sum of SIXTY THOUSAND DOLLARS ($60,000). This sum includes interest, costs and attorney fees.
>
> DATED AND DELIVERED to counsel for Plaintiffs this 26 day of October, 1987, at Anchorage, Alaska.[1]

On November 24, 1987, the superior court granted S/N's motion to amend to add a counterclaim.

After a non-jury trial the superior court entered judgment. Farr recovered $75,125 in unpaid wages and rentals, offset by S/N's successful counterclaim for $31,200 and an invoice credit of $5,149. Thus,

---

1. This offer lapsed on November 5, 1987. *See* Civil Rule 68(a) ("[a]n offer not accepted within 10 days is considered withdrawn.").

Farr's net recovery of $38,785 was not more favorable to Farr than S/N's $60,000 offer of judgment.[2] Thereafter, over Farr's objection, the superior court applied the penal costs and sanctions provided for in Civil Rule 68(b)(1).[3] In making this determination the superior court reasoned in part as follows:

> At the time the offer was submitted to plaintiffs, the motion to amend the answer and add the counterclaim had already been filed and served. Plaintiffs could, therefore, contemplate the risk that the counterclaim would be allowed in deciding whether to accept or reject the offer.

## II. DISCUSSION.

■ The purpose of Civil Rule 68 is to encourage settlements in civil cases and to avoid protracted litigation. *Continental Insurance Co. v. United States Fidelity & Guaranty Co.*, 552 P.2d 1122, 1125–26 (Alaska 1976). An offer of judgment must specify a definite sum and must be unconditional. *Davis v. Chism*, 513 P.2d 475, 481 (Alaska 1973). In *Davis* we further noted that "[a]n offer of judgment and acceptance thereof is a contract. The amount of the offer of judgment must be definite so that it is clear the parties have come to a meeting of the minds on an essential term of the contract." *Id.*

■ We agree with the superior court that Rule 68 does not preclude the making of an offer of judgment while a motion to amend the pleading is pending. The superior court erred, however, in its analysis of the risks taken and declined. The superior court apparently assumed that S/N's counterclaim was encompassed within the terms of the offer of judgment. This assumption is unfounded. The offer of judgment is silent regarding any counterclaims by S/N. Rather, the offer of judgment offered settlement only of "all of Plaintiffs' claims against Defendants." The effect of the superior court's analysis is to penalize Farr for not accepting that which S/N never offered to settle. Since Farr recovered more on "Plaintiffs' claims" than S/N offered in settlement, we conclude that the superior court erred in invoking the penal sanctions of Civil Rule 68.

Our holding today is in accord with our previous decision in *Rules v. Sturn*, 661 P.2d 615 (Alaska 1983). There the Rules made an offer of judgment to settle Sturn's personal injury action against them for $11,000, together with costs, prejudgment interest, and attorney's fees. Based on the offer of judgment and acceptance thereof, the superior court entered a judgment in the amount of $15,927. The Rules thereafter delivered a check to Sturn in the amount of $12,714—the amount of the judgment reduced by certain advance payments of medical expenses made by the Rules. In holding that the Rules' attempted offset was improper we said in part:

> Two situations would permit us to find that the offer was indeed subject to being offset. The first situation would be that the words in the offer of judgment, when interpreted in light of all the surrounding circumstances, reasonably require such a finding. The second situation would be that, by its terms, the offer set forth above was not subject to being offset but that the original offer was revoked and a new offer made.
>
> As we interpret the offer, we note first that the appellants' offer of judgment mentions nothing about advance payments made or about offsetting them against any part of the offer, and that

---

2. The superior court subsequently amended its judgment, awarding Farr $69,995, offset by $31,200 to S/N on S/N's rental counterclaim. The net judgment to Farr was $37,759.

3. Civil Rule 68(b)(1) provides:
   (b) If the judgment finally rendered by the court is not more favorable to the offeree than the offer, the prejudgment interest accrued up to the date judgment is entered shall be adjusted as follows:

(1) if the offeree is the party making the claim, the interest rate will be reduced by the amount specified in AS 09.30.065 and the offeree must pay the costs and attorney's fees incurred after the making of the offer (as would be calculated under Civil Rules 79 and 82 if the offeror were the prevailing party). The offeree may not be awarded costs or attorney's fees incurred after the making of the offer.

the offer does not otherwise indicate an intent by the offerors to offset payments already made. We should also mention that the Sturns' notice of acceptance ... is silent in this regard as well.

... The written offer of judgment was silent as to past payments.... It does not seem unreasonable to conclude that the appellants either purposely or unintentionally excluded the previous payments made to the Sturns from the calculations leading to their offer.... The words in the offer of judgment do not reasonably require the conclusion that it was subject to being offset.

661 P.2d at 617–18 (footnote omitted); *cf. Taylor Construction Services, Inc. v. URS Co.*, 758 P.2d 99 (Alaska 1988), *aff'g by an equally divided court* (offer of judgment explicitly encompassed the party's counterclaim).

## III. CONCLUSION.

S/N's offer of judgment was valid, but effective only on its terms.[4] No basis exists for the superior court to consider S/N's recovery on its counterclaims in applying the penal sanctions of Civil Rule 68. Given that Farr's unreduced recovery exceeds S/N's offer of judgment, the superior court erred in invoking the penal sanctions of Civil Rule 68.

REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

**4.** We reject Farr's contention that the offer of judgment was invalid as a joint offer. In *Brinkerhoff v. Swearingen Aviation Corp.*, 663 P.2d 937, 943 (Alaska 1983) we said in part:

Although problems of apportionment may not always be present, such difficulties are prevalent enough to warrant a general exclusion of joint offers from the penal cost provisions of Rule 68.

We are in agreement with the superior court's conclusion that no *Brinkerhoff* apportionment problem is presented here. In this regard the superior court reasoned:

Where, as here, there never was any question of apportionment difficulties nor any impediment to settlement efforts—where in reality there was only one plaintiff as of the time the offer was made—Rule 68 should, and does, apply.

*See also Taylor,* 758 P.2d at 102.