**Monte D. GROW, Appellant, Cross–Appellee,**

v.

**Carolyn F. RUGGLES, Appellee, Cross–Appellant.**

**Nos. S–4994, 5035.**

Supreme Court of Alaska.

Oct. 15, 1993.

Paul Waggoner, Anchorage, for appellant.

Noel H. Kopperud, Kopperud & Hefferan, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

BURKE, Justice.

This case arises out of an automobile accident between Monte Grow and Carolyn Ruggles. The two issues presented for review are whether the superior court erred in denying Ruggles' motion for a new trial and whether the superior court abused its discretion in awarding Ruggles attorney's fees. We affirm the superior court's denial of Ruggles' motion for a new trial but reverse the attorney's fees award.

In November 1987, Monte Grow drove his vehicle into the rear end of Carolyn Ruggles' vehicle. Both Grow and Ruggles were insured by Allstate Insurance Company. Allstate initially paid Ruggles' medical expenses out of Grow's liability policy. At some point, Ruggles' lawyer requested that the payments be made out of Ruggles' medical payment policy, as it appeared that her claim might exceed Grow's $100,000 liability policy limit. This change was accomplished, and Allstate thereafter claimed a lien and subrogation rights against Grow's liability policy.

Ruggles moved for and was granted summary judgment on the issue of Grow's negligence. The case proceeded to trial on the damages issue. At trial Grow argued that most of Ruggles' medical expenses were the result of a pre-existing condition. He argued that only $600 of Ruggles' medi-

cal expenses were actually caused by her accident with Grow. Using a special verdict form, the jury awarded Ruggles $31,-777.88 in medical expenses, the exact amount Ruggles requested. The jury also awarded Ruggles $14,760 in lost, past and future income. However, it awarded her nothing for pain, suffering, and "loss of enjoyment of life." Ruggles later filed a motion for a new trial, which was denied.

■ On appeal Ruggles argues that the superior court abused its discretion in not ordering a new trial because the jury's refusal to award pain and suffering damages was contrary to the evidence. She urges this court to remand the case for the limited purpose of fixing a reasonable damage award for pain and suffering, arguing that the parties should not be compelled to retry issues that have already been resolved.

Casting Ruggles' argument as an attack on the consistency of the verdict, Grow argues that Ruggles has waived her right to make such an argument because she failed to resubmit the issue to the jury before it was discharged. Indeed, we have long held that challenges to the consistency of a verdict are deemed waived unless made prior to the discharge of the jury. *See City of Homer v. Land's End Marine*, 459 P.2d 475, 480 (Alaska 1969) ("[T]he rule that objection on the grounds of inconsistency is waived by failure to move for resubmission promotes the fair and expeditious correction of error.") (quoting *Cundiff v. Washburn*, 393 F.2d 505, 507 (7th Cir.1968)); *Buoy v. ERA Helicopters, Inc.*, 771 P.2d 439, 442 n. 1 (Alaska 1989); *State v. Haley*, 687 P.2d 305, 321 (Alaska 1984); *City of Fairbanks v. Smith*, 525 P.2d 1095, 1097–98 (Alaska 1974) (resubmission rule designed to discourage jury shopping); *Nordin Constr. Co. v. City of Nome*, 489 P.2d 455, 472 (Alaska 1971).

Ruggles claims the verdict was inadequate, not inconsistent. We disagree. The pain and suffering award was not merely inadequate—there was no award at all, de-

spite the fact the jury agreed with Ruggles that all of her medical expenses were caused by the accident. Such a result can only be described as inconsistent and thus subject to the resubmission rule. *See Cohn v. J.C. Penney Co. Inc.*, 537 P.2d 306, 311–12 (Utah 1975) (where jury awarded medical expenses but nothing for pain and suffering, verdict was "deficient in form," not inadequate).

■ Ruggles attempts to distinguish the cases which uphold the waiver rule by arguing that in the present case the jury was polled. While some of the language in our prior decisions may suggest that polling suffices to avoid the waiver rule, we wish to clarify that polling alone is not enough. *See Haley*, 687 P.2d at 321 ("[I]f counsel does not ask to poll the jury, *or* object to excusing the jury *or* to the filing of the verdict, the right to challenge the consistency of the verdict is waived.") (emphasis added). Polling only clarifies each juror's vote, it does not require the jury to re-examine controverted issues. To achieve the efficiency the waiver rule is designed to promote, and to avoid the jury shopping it is designed to prevent, counsel must do more than simply poll the jury; he/she must also ask the jury to re-examine its decision.[1] We affirm the trial court's denial of Ruggles' motion for a new trial.

■ Grow appeals the superior court's attorney's fees award of $9,100.35. Grow focuses on his settlement offer and Civil Rule 68 arguing that the trial court should have awarded fees to Grow instead of Ruggles. Grow's settlement offer read in relevant part:

Defendant offers to allow entry of judgment in favor of Plaintiff in the amount of $66,526.70, including costs, interest and attorney's fees. Prior advances have been made to Carolyn F. Ruggles in the amount of $31,526.70, and a lien has been claimed for that amount. Ruggles would be responsible for paying any lien out of the $66,526.70. Accordingly, the net amount of this offer is $35,000.

Grow argues that since he offered Ruggles $35,000 above her medical expenses, and the jury only awarded her $14,760 above her medical expenses, Alaska Civil Rule 68 mandates that he be awarded attorney's fees.

■ According to Civil Rule 68(b)(1), if the judgment finally rendered is not more favorable to the offeree than the rejected offer, the offeree must pay the costs and attorney's fees incurred after the making of the offer. Alaska R.Civ.P. 68(b)(1). Rule 68 offers must be definite and unconditional. *Farr v. Stepp*, 788 P.2d 35, 37 (Alaska 1990). An offer not in compliance with Rule 68 may not be considered in determining costs and attorney's fees. *Myers v. Snow White Cleaners & Linen Supply, Inc.*, 770 P.2d 750, 753 (Alaska 1989).

Ruggles argues that Grow's offer was not in compliance with Rule 68 because it conditioned settlement on the liquidation and settlement of Allstate's subrogation claim. This is reading too much into the settlement offer. Contrary to Ruggles' position, the offer does not attempt to "coerce collection of the subrogation lien on specific terms as a precondition to settlement of the liability case." The offer simply notes that Ruggles is "responsible for" any liens which Allstate may have had for the advances it had already made. In so doing, the offer merely summarizes standard subrogation theory; it does not, as Ruggles

1. When a party does not move to resubmit a question before the jury is discharged, the suggestion of an ulterior motive arises. A litigant who receives an undesirable verdict may postpone challenging the verdict until the jury is discharged, hoping to receive a more receptive jury on remand. This court and other courts have cautioned against this type of "having your cake and eating it too" strategy. A litigant cannot "be permitted to take advantage of what was probably a tactical move on [his/her] part. By silence [he/she] chose to accept the benefit of the jury verdict; [he/she] must also accept any detriment which flows therefrom." *Nordin Constr. Co.*, 489 P.2d at 472.

argues, require concessions beyond the money judgment necessary to settle the case. Finally, Grow's offer did not require Allstate's acceptance to be valid. Therefore, it is not a "joint offer" which is excluded from Rule 68 consideration. *See Brinkerhoff v. Swearingen Aviation Corp.*, 663 P.2d 937, 943 (Alaska 1983). The bottom line is that Grow offered Ruggles $35,000 above her medical expenses. The jury awarded her only $14,760 over medical expenses. Even after prejudgment interest is factored in, *Farnsworth v. Steiner*, 601 P.2d 266, 269 n. 4 (Alaska 1979), Ruggles would have been better off accepting the offer than taking the case to trial. Thus, pursuant to Civil Rule 68, Grow should be awarded attorney's fees from the date of the offer. We therefore reverse the superior court's attorney's fees award and remand for a new fee determination.

AFFIRMED in part, REVERSED and REMANDED in part.

RABINOWITZ, Justice, concurring.

I am not persuaded that the special verdicts are inconsistent. Given the jury's return of special verdicts awarding $0 damages for pain, suffering, and disfigurement, $0 damages for loss of enjoyment of life, and $31,777.88 in damages for past and future medical care, the two zero damage special verdicts should be viewed as inadequate rather than inconsistent.[1] Further, I think it manifestly unfair to invoke the doctrine of waiver in the circumstance where Ruggles' counsel apparently did not realize the special verdicts in question could be characterized as inconsistent rather than inadequate. If the jury had chosen to return special verdicts of $1 in damages for pain and suffering and disfigurement, and $1 in damages for loss of enjoyment of life, it could not reasonably be argued that the special verdicts were inconsistent.

Thus, I conclude that the issue before us is whether the superior court abused its discretion in denying Ruggles' motion for a new trial, limited solely to damage claims for pain, suffering, disfigurement, and loss of enjoyment of life, based on the inadequacy of the special verdicts. In view of the credibility issues involved, and the problematic attempt to limit the scope of the new trial, I conclude that the superior court did not abuse its discretion in denying Ruggles' motion for a new trial.

---

**1.** *See Spalding v. Shinkle,* 774 S.W.2d 465, 466–67 (Ky.App.1989); *McCain v. Redman Homes, Inc.,* 387 So.2d 809, 812–13 (Ala.1980).