Carolyn **RUGGLES**, by the **ESTATE OF Carolyn MAYER**, Appellant,

v.

**Monte GROW**, Appellee.

No. S–7986.

Supreme Court of Alaska.

Aug. 20, 1999.

Patricia R. Hefferan, Kopperud and Hefferan, Wasilla, for Appellant.

Paul W. Waggoner, Anchorage, for Appellee.

Before MATTHEWS, Chief Justice, COMPTON, EASTAUGH, FABE, and BRYNER, Justices.

## OPINION

MATTHEWS, Chief Justice.

### I. INTRODUCTION

This case is here for the second time. The historical and most of the procedural facts are set forth in our prior opinion, *Grow v.*

*Ruggles.*[1] We recite only the facts necessary to understand the issues in this appeal.

## II. *FACTS AND PROCEEDINGS*

Carolyn Ruggles was injured in an automobile accident involving Monte Grow. Allstate Insurance Company insured both parties.[2] Ruggles sued Grow, who was defended by Allstate. Allstate paid Ruggles's medical expenses from the medical payments coverage of her policy.[3] Allstate requested Ruggles not to include its subrogated claim for medical expenses in her suit against Grow. Ruggles refused to honor this request. Eventually the superior court ruled that the medical expenses must be deducted from any recovery Ruggles received, but evidence of the expenses could be presented to the jury as evidence bearing on the severity of her injury.

Grow made an offer of judgment under Civil Rule 68 for $35,000 above her medical expenses.[4] The jury awarded Ruggles the medical expenses which Allstate had already paid ($31,777.88) and $14,760 for lost income.[5] It made no award for pain and suffering.[6] The trial court awarded attorney's fees to Ruggles as the prevailing party.[7] Despite the court's earlier order that medical expenses would be deducted from the verdict, no deduction was made before an appeal was taken. Whether this occurred deliberately or inadvertently remains unclear on the record before us.

Ruggles appealed unsuccessfully on inconsistent verdict grounds.[8] Grow appealed on the ground that he should have been awarded attorney's fees since the verdict was less than the offer of judgment.[9] We agreed and remanded for a new fee determination.[10]

On remand the superior court, at the request of Allstate and Grow, substituted Allstate for Grow as the real party in interest.

In response to Ruggles's subsequent motions to reconsider this ruling or to allow the prosecution of counterclaims against Allstate, the court concluded that it had erred by permitting the substitution and it rescinded its previous order. Grow thus remained as the sole defendant. After considering numerous motions, the court deducted from the verdict the medical expenses which Allstate had paid, and awarded Ruggles reduced interest on the judgment pursuant to the version of Civil Rule 68(b)(1) then effective. Ruggles's award, before offsets for costs and fees in favor of Grow, was $17.978.29. The court awarded Grow fees of $15,328.95 and costs of $8,609.66. Ultimately, this ruling resulted in a net judgment favoring Grow of $5,960.32.

On appeal Ruggles presents three arguments. Quoting from the argument headings in her brief, they are:

(1) the trial court should not have credited Grow with Ruggles's collateral source benefits;

(2) the trial court judgment award of costs and attorney's fees and interest in Grow's favor is contrary to the remand and manifestly unreasonable;

(3) if the trial court adjudicates the rights between Allstate and Ruggles, then there must be due process safeguards.

We address these arguments in turn.

## III. *DISCUSSION*

### A. *Deduction of the Medical Payments*

Ruggles argues that the question of whether she must pay part of her recovery to Allstate represents a question between her and Allstate and was thus improperly decided by the court on remand. Ruggles also argues that the collateral source rule prevents the deduction made by the trial court. She further contends that permitting the de-

1. 860 P.2d 1225 (Alaska 1993).

2. *Id.* at 1226.

3. *Id.*

4. *Id.* at 1227.

5. *Id.* at 1226.

6. *Id.*

7. *Id.* at 1227.

8. *Id.* at 1226–27.

9. *Id.* at 1227.

10. *Id.* at 1228.

duction would essentially allow an insurance company a right of subrogation against its own insured.

Each of these contentions is effectively answered by the consequences flowing from the fact that Allstate requested Ruggles's attorneys not to present its claim for medical expenses. Once this request was made Ruggles lost the right to present the claim. The trial court's pre-verdict order requiring the deduction of medical expenses, and the court's post-remand deduction of such expenses, corrected the wrongful inclusion of Allstate's claim with Ruggles's claim. We explain this conclusion in the following paragraphs.

When an insurer pays expenses on behalf of an insured it is subrogated to the insured's claim. The insurer effectively receives an assignment of its expenditure by operation of law and contract.[11] If the insurer does not object, the insured may include the subrogated claim in its claim against a third-party tortfeasor. Any proceeds recovered must be paid to the insurer, less pro rata costs and fees incurred by the insured in prosecuting and collecting the claim. But the subrogated claim belongs to the insurer. The insurer may pursue a direct action against the tortfeasor, discount and settle its claim, or determine that the claim should not be pursued. These rights are inherent in our discussion of the subject in *Brinkerhoff v. Swearingen Aviation Corp.*:

> Although [the insured] could have sued to recover for the full amount of damage and held the appropriate portion of that recovery ... in trust for his insurer whose subrogation rights arose upon payment under the policy, the insurance company's decision to settle its claim foreclosed this option. We also attach no relevance to [the insured's] allegation that the settle-

ment agreement reached [with the tortfeasor] was collusive. An insurance company is free to settle its subrogation claims for any amount.[12]

■ When Allstate instructed Ruggles not to pursue its subrogation claim, Ruggles lacked authority to pursue it. Grow was entitled to raise this lack of authority, for it represented a legitimate partial defense to Ruggles's claim.[13]

■ Deducting the subrogated claim did not violate the collateral source rule. Quoting *Tolan v. ERA Helicopters, Inc.*,[14] Ruggles notes that the collateral source rule provides that "a tort-feasor is not entitled to have his liability reduced merely because [the] plaintiff was fortunate to have received compensation for his injuries or expenses from a collateral source." But this rule speaks to the relationship between insureds and tortfeasors, not to that between insureds and their insurers. Given that the insurer is the owner of the subrogated claim, the rule cannot be read to permit an insured to pursue subrogated collateral source benefits against the insurer's wishes.[15] And the rule should not prevent a tortfeasor from raising lack of authority to present a claim as a partial defense.

■ Nor did the deduction violate the rule preventing insurers from prosecuting subrogation claims against parties whom they insure. Allstate was not prosecuting a claim against its insured. Its efforts were directed instead toward achieving the opposite result: Allstate sought control of its claim to prevent Ruggles from bringing the claim against Grow. This represented a logical step for Allstate, since it would have been both the payor and the payee of the claim. It could accomplish the same result as prosecuting

11. *See Rice v. Denley*, 944 P.2d 497, 500 (Alaska 1997).

12. 663 P.2d 937, 942 (Alaska 1983) (citation omitted).

13. A defendant may defend on the ground that the plaintiff has assigned the claim to another person or entity. *See* Alaska R. Civ. P. 17(a). *See also Rodriguez v. Compass Shipping Co.*, 617 F.2d 955, 958 (2d Cir.1980), *aff'd*, 451 U.S. 596,

101 S.Ct. 1945, 68 L.Ed.2d 472 (1981); 6 Am. Jur.2d *Assignments* § 105 (1963) (noting that "one who has made a valid assignment of a claim has no right thereafter, unless authorized by the assignee, to receive payment from the debtor.").

14. 699 P.2d 1265, 1267 (Alaska 1985).

15. *See Maynard v. State Farm Mut. Auto. Ins. Co.*, 902 P.2d 1328, 1334 (Alaska 1995).

the claim with a simple bookkeeping entry, without incurring attorney's fees and costs.[16]

### B. *Award of Costs and Fees*

Ruggles's argument that the award to Grow of attorney's fees is contrary to the remand is frivolous. The penultimate sentence of our opinion stated: "Thus, pursuant to Civil Rule 68, Grow should be awarded attorney's fees from the date of the offer." [17] In awarding fees to Grow the superior court followed the directions given by our prior opinion.

Ruggles's argument that the amount of fees awarded Grow, $15,328.95, is manifestly unreasonable is merely conclusory. She notes that Allstate's total defense costs exceeded $70,000, but she does not attempt to demonstrate that the court misapplied either Civil Rule 68 or Civil Rule 82 in making the award. This argument therefore fails for lack of support.

■ The only comprehensible argument Ruggles offers concerns costs, as distinct from fees, and the trial court's reduction of interest. She notes that Grow's motion for rehearing had requested that we explicitly direct the trial court to award costs as well as attorney's fees and that reduced interest be applied. We denied the motion for rehearing without explanation in an order dated December 6, 1993. She contends that our denial of rehearing precluded the trial court from awarding costs and making the interest adjustment on remand. This argument lacks merit, for the denial of a motion for rehearing has no precedential effect and establishes no law binding on the trial court after remand. Indeed, a common reason for denying a motion for rehearing is that the subject of the motion should be addressed by the trial court after remand.

■ We reversed the judgment because Grow's offer under Rule 68 was more favorable to Ruggles than the final judgment.[18]

We remanded to enable the trial court to correct this error.[19] One consequence of our ruling was that Grow should have been awarded attorney's fees from the date of the offer.[20] Although this is the only consequence we explicitly mentioned, two other consequences arose as well: Grow was entitled both to costs incurred after the offer and to a reduction in prejudgment interest.[21] The trial court correctly recognized these consequences and made the adjustments required by the rule.

### C. *Due Process*

■ Ruggles complains that the trial court should have allowed her to file and pursue counterclaims against Allstate. She moved for permission to file such counterclaims on the same day that she sought reconsideration of the court's ruling substituting Allstate for Grow as a party defendant. In her reconsideration motion she asked the court to "remove Allstate and finalize this case as between Ruggles and Grow." The court granted that relief. This mooted her motion for permission to file counterclaims against Allstate, and thus the trial court did not err in failing to grant the motion regarding counterclaims.

### IV. *CONCLUSION*

For the above reasons the judgment is AFFIRMED.

FABE, Justice, with whom BRYNER, Justice, joins, concurring in part and dissenting in part.

Although I agree that the superior court properly construed our remand in *Grow v. Ruggles,* I disagree with the majority's conclusion that the superior court appropriately deducted the amount of Allstate's medical payments from the judgment that its insured, Carolyn Ruggles, obtained against Monte Grow. Ruggles's obligation to reim-

16. *See id.* at 1333.

17. *Grow,* 860 P.2d at 1228.

18. *Id.* at 1228.

19. *Id.*

20. *Id.*

21. *See* Alaska R. Civ. P. 68(b)(1). The version of Rule 68(b)(1) applicable to the present case provided for both costs and a reduction in prejudgment interest.

burse Allstate for medical expenses involves a contractual dispute separate from her underlying tort case. Yet the superior court reduced Ruggles's judgment without first reviewing and interpreting her insurance contract. I believe that the case should be remanded to the superior court to resolve the contractual dispute between Ruggles and Allstate.

Ruggles argues that the question whether she must reimburse Allstate for its payment of her medical expenses "is properly between Allstate and Ruggles, and should not have been before the trial court in this matter on remand." She seeks to resolve this issue according to the terms of her contract with Allstate.

The superior court assumed, and the majority appears to agree, that "principles of subrogation" automatically resolve any dispute between Allstate and Ruggles in Allstate's favor. In the court's view, this conclusion obviates the need for consideration of Ruggles's claims against Allstate's right to reimbursement. But in *Maynard v. State Farm Mutual Automobile Insurance Co.*,[1] we determined that whether an insurer is entitled to seek reimbursement from an injured party when it insures both the injured party and the tortfeasor depends on the contract between the insurer and the injured party.[2] *Maynard* presented the following question: "May an insurance company seek reimbursement for medical expenses paid to its insured under his policy when it also insures the tortfeasor and the insured brings an action against the tortfeasor seeking damages for the same medical expenses?"[3] We answered the question in the affirmative.[4] Our conclusion that the insurance company

was entitled to seek reimbursement from the insured party, however, was based on a close analysis of the contract between the parties, not on general principles of subrogation.[5] The contract between Maynard and his insurer conclusively barred double recovery and provided that the insurer would "not pay any expenses for which the claimant ha[d] already been compensated."[6]

In this case, by contrast, the superior court reduced Ruggles's judgment against Grow without reference to the contract between Ruggles and Allstate. Indeed, although Ruggles points to a portion of the contract requiring disagreements to be resolved through arbitration, and Grow refers to the affidavit of an Allstate employee stating that Ruggles's policy includes a subrogation clause, the entire contract does not even appear in the record. It is therefore impossible to evaluate either Ruggles's contractual claims against Allstate or Grow's allegations regarding the contract's subrogation clause. I agree with the court that both *Brinkerhoff v. Swearingen Aviation Corp.*,[7] and *Rice v. Denley*[8] stand for the proposition that a subrogated insurer controls its claim and may direct its insured not to pursue it.[9] But there is no way to be certain that Allstate is in fact a subrogated insurer without analyzing the contractual language. And if we cannot determine that Allstate is the subrogee, then it follows that we cannot determine whether Allstate controlled the claim.

Whether Allstate is entitled to reimbursement of the medical expenses portion of the judgment against Grow is best resolved in the context of Allstate's contractual dispute with Ruggles. In my view, the case should

1. 902 P.2d 1328 (Alaska 1995).

2. *See id.* at 1331–32.

3. *Id.* at 1329.

4. *See id.* at 1334. Ruggles contends that *Maynard* stands for the proposition that an insurer may not subrogate against its own insured. We did not so hold; rather, we explained that "[t]he cases giving rise to the rule prohibiting subrogation against one's own insured all involve situations in which the insurer paid out on a loss to its insured and then sought to hold a second coinsured party under the same insurance contract liable for the loss." *Id.* at 1332. The case at hand, like *Maynard*, does not involve coinsured parties.

5. *See id.* at 1331–34.

6. *Id.* at 1332.

7. 663 P.2d 937 (Alaska 1983).

8. 944 P.2d 497 (Alaska 1997).

9. *See Rice*, 944 P.2d at 500; *Brinkerhoff*, 663 P.2d at 942.

therefore be remanded to give the trial court an opportunity to resolve the contractual dispute separately. Ruggles would then be afforded the same opportunity as the insured party in *Maynard*. I therefore respectfully dissent.