*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| KAREN DEARLOVE, | ) | |
| | ) | Supreme Court Nos. S-13772/13792 |
| Appellant and | ) | |
| Cross-Appellee, | ) | Superior Court No. 3AN-08-08623 CI |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| PATRICIA CAMPBELL, | ) | No. 6785 - May 31, 2013 |
| | ) | |
| Appellee and | ) | |
| Cross-Appellant. | ) | |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Eric A. Aarseth, Judge.

Appearances: Gregory R. Henrikson, Walker & Eakes, Anchorage, for Appellant and Cross-Appellee. Michael W. Flanigan, Walther & Flanigan, Anchorage, for Appellee and Cross-Appellant.

Before: Carpeneti, Chief Justice, Fabe, Winfree, and Stowers, Justices. [Christen, Justice, not participating.]

WINFREE, Justice.

## I. INTRODUCTION

A driver caused injury to the passenger of another car in a two-car accident. The passenger brought suit for damages, including her insurer's subrogated claim for medical expenses. The driver made an early offer of judgment, which the passenger did not accept. The driver's insurer then made a direct payment to the subrogated insurer,

thereby removing that amount from the passenger's potential recovery. The driver then made a second offer of judgment, which the passenger did not accept. After trial both parties claimed prevailing party status; the driver sought attorney's fees under Alaska Civil Rule 68. The superior court ruled that the first offer of judgment did not entitle the driver to Rule 68 fees, but the second offer did. Both parties appeal, arguing the superior court improperly considered the subrogation claim payment in its Rule 68 rulings. We conclude that the subrogation claim payment had to be taken into account when evaluating the first offer of judgment and affirm the decision that the driver was not the prevailing party based on the first offer of judgment. But because the nature of the payment on the subrogation claim is not clear, we vacate the decision that the second offer of judgment entitled the driver to Rule 68 fees and remand for further proceedings on this issue.

## II. FACTS AND PROCEEDINGS

This case arises from a two-car collision — Karen Dearlove was driving one vehicle and Patricia Campbell was a passenger in the other. Campbell sued Dearlove for damages, alleging the accident was caused by Dearlove's negligence; Dearlove denied liability and suggested the accident might be due to malfunctioning brakes on her vehicle. Each party was insured by a State Farm insurance company: Campbell by a company licensed in Minnesota and Dearlove by a company licensed in Alaska. Campbell's insurer paid the first $20,000 of Campbell's medical expenses under her policy's Personal Injury Protection (PIP) coverage. Campbell's insurer therefore had a subrogated claim against Dearlove.[1]

---

[1] Subrogation in this context is "[t]he principle under which an insurer that has paid a loss under an insurance policy is entitled to all the rights and remedies belonging to the insured against a third party with respect to any loss covered by the policy." BLACK'S LAW DICTIONARY 1563-64 (9th ed. 2009).

Campbell's insurer never directed her not to pursue its subrogation claim as part of her lawsuit against Dearlove.[2] To the contrary, Campbell's insurer repeatedly called Campbell's attorney for progress reports. Campbell's counsel stated that the insurer "expected [him] to protect [its] subrogation interest in PIP benefits paid."

Dearlove made an early Rule 68 offer of judgment for $18,000, inclusive of prejudgment interest, Rule 82(b)(1) attorney's fees, and Rule 79 costs; the offer required Campbell to satisfy her insurer's outstanding subrogation claim. Campbell did not accept this offer of judgment.

When Dearlove was deposed, she accepted full responsibility for the accident. Dearlove later formally stipulated to liability, leaving damages the only issue for trial.

After Dearlove's deposition her insurer paid $20,000 directly to Campbell's insurer. Dearlove then sought a ruling that Campbell could not recover the $20,000 in medical expenses originally paid by Campbell's insurer. Campbell did not oppose the motion, except to request recovery of attorney's fees and costs on the $20,000 payment. The superior court ruled Campbell could not include the medical expenses in her claim for damages at trial, but reserved the question whether Campbell could recover fees and costs on the $20,000 payment.

Dearlove subsequently made a Rule 68 offer of judgment for $5,000 plus prejudgment interest, Rule 82(b)(1) attorney's fees, and Rule 79 costs. The offer provided that Campbell would be "responsible for satisfying any and all accident-related liens and expenses with the exception of the [PIP] Lien of $20,000.00 which [Dearlove already had] satisfied." Campbell did not accept this offer of judgment.

---

[2]    *See O'Donnell v. Johnson*, 209 P.3d 128, 132 (Alaska 2009) (explaining insurer may direct insured not to pursue subrogation claim (citing *Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999))).

At trial the jury was shown an exhibit itemizing Campbell's medical expenses. The expenses covered by Dearlove's insurer's $20,000 payment to Campbell's insurer appeared in a separate column marked "PAID." The court instructed the jury that "[a] portion of the expenses for [the] medical treatment is not at issue because it has been paid. You are not to make an economic award for those expenses that have already been paid." The jury returned a verdict for $2,370 in economic damages and $1,500 in non-economic damages, for a total award of $3,870. Both parties claimed prevailing party status and moved for attorney's fees.

The superior court reasoned that Dearlove's first Rule 68 offer of $18,000 would have resulted in a net $2,000 loss to Campbell because under its terms Campbell remained responsible for her insurer's $20,000 subrogation claim. From this, the superior court concluded that Dearlove was not entitled to fees under the first Rule 68 offer.

The superior court then concluded that Dearlove was entitled to Rule 68 fees under her second offer. To compare Campbell's $3,870 recovery at trial with the $5,000 second offer of judgment, the court made several preliminary rulings. First, because the second offer added prejudgment interest, attorney's fees, and costs to the offer amount — as would a judgment after the jury's verdict — the superior court concluded those add-ons did not change the comparison's outcome.[3] Second, the court did not include the $20,000 subrogation payment in Campbell's total recovery when it compared the second offer to the verdict, because the subrogation claim had been paid before the second offer was served. Third, because the $20,000 payment was not included in Campbell's verdict for purposes of assessing the second offer, it was not

---

[3]    *See generally Andrus v. Lena*, 975 P.2d 54, 57 n.3 (Alaska 1999) (citing *Farnsworth v. Steiner*, 601 P.2d 266, 269 n.4 (Alaska 1979)) (explaining method for comparing offer of judgment to ultimate recovery).

included in the calculation for prejudgment interest, attorney's fees, and costs that Dearlove would owe Campbell on the verdict. Finally, though the court agreed Campbell was entitled to recover a proportional share of her own actual attorney's fees and costs incurred in the process of recovering the subrogation claim on her insurer's behalf, the court concluded this obligation was owed by Campbell's insurer, not Dearlove.

Based on these rulings, the superior court calculated that Campbell's recovery at trial ($3,870 plus interest, fees, and costs) was at least five percent less favorable than the second offer of judgment ($5,000 plus interest, fees, and costs). Accordingly, the court ruled that Dearlove was entitled to recover Rule 68 attorney's fees incurred after the second offer of judgment.

Dearlove appeals the superior court's decision regarding her first offer of judgment. Campbell cross-appeals the superior court's decision regarding Dearlove's second offer of judgment.

## III. STANDARD OF REVIEW

We review de novo whether the superior court correctly applied the law in awarding attorney's fees.[4] We exercise our independent judgment in reviewing the superior court's interpretation of Rule 68,[5] as well as in calculating a judgment's value to determine whether it exceeded an offer of judgment.[6]

---

[4]  *Glamann v. Kirk*, 29 P.3d 255, 259 (Alaska 2001).

[5]  *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1087 n.7 (Alaska 2008) (citing *Jackman v. Jewel Lake Villa One*, 170 P.3d 173, 177 (Alaska 2007)).

[6]  *Power Constructors, Inc. v. Taylor & Hintze*, 960 P.2d 20, 34 (Alaska 1998).

## IV. DISCUSSION

### A. The Subrogation Claim

A subrogation claim arises when an insurer compensates its insured for an injury caused by a third party and obtains the "right to proceed against [the] third party responsible for [the] loss which the insurer has compensated pursuant to its contractual obligation under [the] policy."[7] An insurer with a subrogation claim "may pursue a direct action against the tortfeasor, discount and settle its claim, or determine that the claim should not be pursued."[8] Unless the insurer objects, the insured may include the subrogation claim in the insured's claim against a third-party tortfeasor.[9] Here, Campbell's insurer indicated that it wanted Campbell to pursue recovery of its subrogation claim. Consequently, the subrogation claim was part of the damages Campbell sought from Dearlove at the start of this litigation.

### B. Alaska Civil Rule 68

When there is a single defendant, Rule 68(b) provides in relevant part:

> If the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, . . . the offeree . . . shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made . . . .

The offer of judgment must not be conditional or joint, though it can acknowledge the existence of a lien and require the party accepting the offer to pay the lien from the

---

[7] 16 LEE R. RUSS & THOMAS F. SEGALLA, COUCH ON INSURANCE § 222:2 (3d ed. 2005).

[8] *Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999).

[9] *Id.*

settlement.[10]  Rule 68's purpose is to encourage settlements and avoid prolonged litigation,[11] with earlier settlement offers entitling the offeror to a greater percentage of attorney's fees.[12]  In practice, the rule encourages parties to assess their litigation risks carefully and penalizes rejection of reasonable settlement offers.

## C.    Dearlove's First Offer Of Judgment

Dearlove first offered $18,000 inclusive of interest, attorney's fees, and costs; this offer required Campbell to pay all outstanding medical liens.  The superior court reasoned that this offer would have resulted in a $2,000 net loss to Campbell after paying the $20,000 subrogation claim.  Because Campbell received $3,870 at trial, the court concluded that the jury award was more favorable than the first offer of judgment.

Dearlove argues the court erred by considering the $20,000 subrogation claim when it assessed the value of her first settlement offer.  She notes that on reconsideration the superior court speculated that had the jury considered the subrogation claim, it "likely would have awarded $23,800 in total damages."  She maintains that the correct comparison was between the $18,000 offer, standing alone, and the $3,870 award (plus interest, attorney's fees, and costs).  Although we agree it was error to compare a hypothetical net recovery to the offer, we reject Dearlove's argument that the $20,000 payment to Campbell's insurer is irrelevant to the Rule 68(b) analysis.

We have refused to label an offer as "worthless" simply because it was for

---

[10]    *Jaso v. McCarthy*, 923 P.2d 795, 801-02 (Alaska 1996) (citing *Grow v. Ruggles*, 860 P.2d 1225, 1227-28 (Alaska 1993)).

[11]    *Mackie v. Chizmar*, 965 P.2d 1202, 1205 (Alaska 1998) (citing *Pratt & Whitney Can., Inc. v. Sheehan*, 852 P.2d 1173, 1182 (Alaska 1993)).

[12]    *See* Alaska R. Civ. P. 68(b).

less than the value of a subrogated claim.[13] Simply put, a Rule 68 offer of judgment can be for less than the value of subrogated claims. But contrary to Dearlove's broader position, requiring courts to consider only the final award is "an overly technical reading" of Rule 68.[14] In *Progressive Corp. v. Peter ex rel. Peter*, the defendant offered the plaintiffs $52,501 plus prejudgment interest, costs, and fees, for a total value of just over $70,000.[15] The plaintiffs did not accept the offer.[16] The superior court subsequently ruled on a key liability issue against the defendant, and the defendant then voluntarily paid a little more than $75,000 into the court registry for the plaintiffs' benefit.[17] Because the plaintiffs did not recover additional damages and were awarded only $8,555 in attorney's fees, the defendant sought Rule 68 fees, claiming that "[v]oluntary payments and partial settlements are *not* the benchmark by which offers of judgment should be evaluated."[18] The superior court disagreed, and we affirmed the superior court's ruling.[19] We looked to the total amount recovered rather than just the amount awarded at trial and held that the superior court did not err by including the defendant's voluntary payment in its calculation of the "judgment finally rendered."[20]

---

[13]     *Jaso*, 923 P.2d at 801-02.

[14]     *Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1090 (Alaska 2008).

[15]     *Id*. at 1089.

[16]     *Id*. at 1086.

[17]     *Id*.

[18]     *Id*. at 1088 (emphasis in original).

[19]     *Id*. at 1090.

[20]     *Id*. at 1089 ("Because the *amount recovered* exceeded the amount that
(continued...)

Here the superior court should have included Dearlove's insurer's subrogation payment with the jury's verdict when determining the total amount Campbell recovered. We reach this conclusion because Campbell included her insurer's subrogation claim in the damages pursued in her lawsuit and Dearlove's first offer left Campbell responsible for the subrogation claim. Dearlove's insurer's direct payment to Campbell's insurer on its subrogation claim therefore was a part of Campbell's total recovery, and it should have been considered when the superior court compared Campbell's "judgment finally rendered" against the first settlement offer.

Under Dearlove's reading, voluntary pre-trial payments would not be included when assessing a preceding Rule 68 offer's success. Rule 68's goals could be thwarted by such a narrow interpretation: it would permit a party to make a Rule 68 offer knowing the opposing party is unlikely to accept, make voluntary payments to remove part of the opposing party's claim from the issues at trial, and then seek Rule 68 attorney's fees and costs based on the amount awarded in the final verdict.

Indeed, in *Progressive* we cautioned that abusive settlement tactics could result if trial courts were unable to consider partial recoveries not expressly included in the court's judgment.[21] We agreed with the plaintiff that "[t]o hold otherwise would be to create a loophole allowing parties to either escape or create the punitive measures of an offer of judgment by simply making a gratuitous payment prior to the entry of a final judgment. Such a loophole would . . . effectively avoid the rule."[22] We further observed

---

[20]    (...continued)
would have been paid had the offer been accepted, the *amount recovered* was necessarily not 'at least' five . . . percent 'less favorable' to the [plaintiffs] than the offer." (emphasis added)).

[21]    *Id.* at 1091.

[22]    *Id.*

that if trial courts could not consider voluntary pre-trial payments when determining whether to award Rule 68 fees, the "unconditional acceptance of an eve-of-trial payment could trigger an unexpected and ruinous penalty."[23]

Rule 68 is not intended to benefit an offeror who unilaterally satisfies a portion of the other party's claim in a way that is not reflected in the final verdict.[24] As to Dearlove's first offer of judgment, the correct comparison is between her $18,000 all-inclusive offer and Campbell's recovery — Dearlove's $20,000 payment to Campbell's insurer plus the $3,870 Campbell recovered at trial (plus prejudgment interest, fees, and costs). Dearlove's first offer was for an amount less than Campbell's recovery; accordingly, Rule 68 fees and costs were not available to Dearlove.

## D.     Dearlove's Second Offer Of Judgment

Dearlove's second offer was for $5,000 plus prejudgment interest, Rule 82 attorney's fees, and Rule 79 costs, and it expressly noted the subrogation claim had been satisfied. In concluding that Dearlove was entitled to Rule 68 fees from this offer, the superior court did not consider the $20,000 payment because, according to the superior court, Dearlove had "settled the [PIP] lien" before making the second offer. The court noted that Campbell's insurer was entitled to settle its subrogation claim and that the settlement had removed $20,000 from Campbell's claim against Dearlove by the time the second offer was served. The court did not consider the impact of prejudgment interest, attorney's fees, or costs, because both the $3,870 verdict and the $5,000 offer of judgment included these add-ons separately; the court concluded the add-ons would not make a significant difference in the comparison. Campbell appeals the court's

---

[23]     *Id.* at 1092.

[24]     *See generally Mackie v. Chizmar*, 965 P.2d 1202, 1205 (Alaska 1998) (discussing Rule 68's goals, including encouraging settlement and avoiding prolonged litigation).

decision not to include either the entire $20,000 payment — or at least prejudgment interest to the time of payment, Rule 79 costs, and Rule 82 attorney's fees associated with the payment — in calculating total recovery. We examine each argument in turn.

The superior court correctly excluded the $20,000 payment from Campbell's total recovery when considering the second offer. As stated above, Rule 68's goals are to encourage settlement and avoid protracted litigation.[25] By the time the second offer of judgment was served, Campbell's claim had changed because the face amount of Campbell's insurer's medical payments had been paid. Campbell could no longer have expected to recover the $20,000 in medical expenses at trial. The superior court's review of the second offer of judgment correctly compared the jury award on Campbell's remaining claims with the $5,000 offer.

The question of add-ons is more difficult because the nature of the $20,000 payment from one State Farm company to the other is not clear from the record. In her motion for partial summary judgment, Dearlove variously told the superior court that her insurer had "reimbursed" Campbell's insurer, that the defense had purchased the medical payment lien, and that Campbell's insurer had settled the subrogated claim. Campbell responded that she was entitled to costs and attorney's fees on the $20,000 paid to her insurer. After trial, Dearlove told the court her insurer had "purchased [the] lien," thereby extinguishing it. She also told the court that Campbell's insurer "had a right to settle this claim whether [Campbell] wanted it to or not" and that Campbell "did not have authority to block the settlement of the med pay lien." But Dearlove provided no evidentiary support for any of her varying descriptions of the transaction, and the only relevant document before the superior court was a copy of a receipt from Campbell's insurer noting the payment was a "reimbursement."

The superior court considered the transaction a settlement extinguishing the

---

[25]     *Id.*

subrogation claim. Campbell maintains there was insufficient evidence that her insurer actually compromised the claim, so the superior court's analysis incorrectly characterized the payment as a settlement. We agree with Campbell and therefore remand for further proceedings on the attorney's fees award — different transaction types would require different analyses to determine prevailing party status for the second offer of judgment.

If there were in fact a settlement — a compromise and release of the claim and not simply a payment on the account — then the superior court was correct in its analysis. Campbell argues that because her insurer did not collect costs and attorney's fees in addition to the $20,000, she was still pursuing that portion of the original subrogation claim. But the subrogation claim belonged to Campbell's insurer, and so did the prejudgment interest, costs, and attorney's fees associated with that claim. An insurer can "discount and settle its claim" if it chooses to do so.[26] If Campbell's insurer in fact discounted and settled its claim, Dearlove had no further liability to Campbell or the insurer for the $20,000 in medical expenses or for any associated prejudgment interest, costs, or attorney's fees.

But the analysis changes if the $20,000 payment merely reimbursed Campbell's insurer without any conditions, as suggested by the payment receipt in the record. If the $20,000 were only an advance payment, Dearlove still owed prejudgment interest (through the date of payment), Rule 79 costs, and Rule 82 attorney's fees on that amount because Campbell recovered the money as part of her lawsuit.[27] Under this analysis, the superior court should include those amounts when calculating the amount

---

[26]    *Ruggles ex rel. Estate of Mayer v. Grow*, 984 P.2d 509, 512 (Alaska 1999).

[27]    *Cf. Progressive*, 195 P.3d at 1089 (treating voluntary payment as part of recovery). Under this analysis the relevant prejudgment interest, fees, and costs should be a part of Campbell's judgment, even though the insurer owned the claim, because Campbell secured payment through her litigation efforts. Any dispute over entitlement to the money would have to be resolved separately between Campbell and her insurer.

of Campbell's final judgment for comparison to Dearlove's second offer of judgment.

A third possibility is that the subrogation claim was purchased from Campbell's insurer, as Dearlove stated in some of her superior court pleadings. If the subrogation claim were purchased and actually extinguished, the Rule 82 fees and Rule 79 costs analysis would be the same as if Campbell's insurer compromised and released the claim. And if the subrogation claim were purchased but not extinguished, the Rule 82 fees and Rule 79 costs analysis would be the same as if Dearlove's insurer simply had made an advance payment. But a purchase transaction would also require consideration of common fund fees and costs as well as Rule 82 fees and Rule 79 costs.

The superior court recognized that, pursuant to our decision in *Sidney v. Allstate Insurance Co.*,[28] Campbell's insurer owed Campbell and her attorneys common fund attorney's fees and costs on the $20,000 they caused the insurer to receive. Dearlove also recognizes that Campbell's insurer benefitted from Campbell's attorneys' litigation efforts and as a result might be liable for common fund fees and costs, but disclaims any responsibility for the common fund fees and costs. The common fund fees and costs are distinct from Rule 82 fees and Rule 79 costs; they have a different origin and are owned by different parties. Campbell's insurer owed common fund fees and costs; it did not own them as it did the Rule 82 fees and Rule 79 costs associated with its subrogation claim. If Campbell's insurer transferred its interest in the common fund (the subrogation claim), it also transferred obligations related to that interest[29] (unless the

---

[28]     187 P.3d 443, 454 (Alaska 2008) (holding injured party entitled to recover from insurer pro rata share of expenses incurred in obtaining recovery to insurer's benefit).

[29]     *See* 51 AM. JUR. 2D *Liens* § 18 (2011) ("[A] subsequent holder of property that is encumbered by an equitable lien takes it subject to the rights of the equitable lienor, including the right of restitution to the extent of the lien." (citing *Bank of India*

(continued...)

parties to the transaction agreed otherwise).  Thus because Campbell prosecuted the action leading to payment of the claim, Campbell and her attorneys would be entitled to recover pro rata costs and attorney's fees from the purchaser of the subrogation claim under the common fund doctrine.[30]  If, as suggested in some of Dearlove's superior court papers, the subrogation claim was purchased on Dearlove's behalf, then Dearlove may be liable to Campbell and her attorneys for the common fund fees and costs.

We note that nothing in the present record suggests collusion by the two insurers.  Collusion in a subrogation claim settlement prejudicing the plaintiff with respect to a previous Rule 68 offer of judgment might require a different analysis.  And even in the absence of collusion, a subrogation claim settlement prejudicing the plaintiff-insured with respect to a previous Rule 68 offer of judgment might implicate the insurer's duty of good faith and fair dealing towards its insured.  We do not need to address these issues here.

We remand to the superior court for a determination of the specific nature of the insurers' transaction and for a renewed determination of prevailing party status with respect to Dearlove's second offer of judgment.

## V.    CONCLUSION

We AFFIRM the superior court's ruling that Dearlove's first Rule 68 offer of judgment was unsuccessful. We VACATE the superior court's ruling that Dearlove's second offer of judgment was successful and REMAND for further proceedings consistent with this opinion.

---

[29]      (...continued)
*v. Weg & Meyers, P.C.*, 691 N.Y.S.2d 439 (N.Y. App. Div. 1999))).

[30]      *See Sidney*, 187 P.3d at 454.