IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

---

ABEL CUELLAR,
*Plaintiff/Appellant,*

*v.*

MEGAN G. VETTOREL,
*Defendant/Appellee.*

No. 2 CA-CV 2014-0005
Filed August 18, 2014

---

Appeal from the Superior Court in Pima County
No. C20113599
The Honorable Charles V. Harrington, Judge

**AFFIRMED**

---

COUNSEL

Phillips & Lyon, P.L.C., Phoenix
By Henry G. Hester
*Counsel for Plaintiff/Appellant*

Curl & Glasson, P.L.C., Tucson
By David L. Curl
*Counsel for Defendant/Appellee*

---

**OPINION**

Presiding Judge Kelly authored the decision of the Court, in which Judge Howard and Judge Vásquez concurred.

_____

K E L L Y, Presiding Judge:

**¶1**  Abel Cuellar appeals from the trial court's award of sanctions to Megan Vettorel pursuant to Rule 68, Ariz. R. Civ. P., after Cuellar failed to obtain a final judgment more favorable than Vettorel's offer of judgment. Cuellar contends the court erred by failing to account for his medical liens when comparing the offer of judgment to the final judgment. For the following reasons, we affirm.

## Factual and Procedural Background

**¶2**  Cuellar filed a complaint against Vettorel, claiming he had been injured as a result of her negligent driving. Vettorel offered to allow judgment to be entered against her in the amount of $10,000, inclusive of costs and fees, "contingent on the satisfaction of all liens which attach by operation of law to the proceeds of this suit and for which [Vettorel] could be held liable." Cuellar did not accept the offer.

**¶3**  Following trial, the jury found in favor of Cuellar, concluding his damages were $41,300 but finding him ninety percent at fault for the accident. Judgment was entered in Cuellar's favor for $5,310.90, which included costs of $1,180.90. Cuellar objected to Vettorel's proposed form of judgment, arguing that Vettorel should not be awarded Rule 68 sanctions because Cuellar's medical liens rendered the offer of judgment "far less" than the final judgment. The court implicitly rejected this argument, concluding Cuellar's final judgment did not exceed the $10,000 offer of judgment, and awarded Vettorel sanctions in the amount of $25,631.06 pursuant to Rule 68(g) for double her taxable costs and expert witness fees dating from the offer. Cuellar timely appealed the court's judgment. We have jurisdiction pursuant to A.R.S. §§ 12-120.21 and 12-2101(A)(1).

## Discussion

**¶4**  Cuellar argues the trial court erred by imposing Rule 68 sanctions because "the Offer of Judgment included a requirement that [Cuellar] assume outstanding liens which rendered the true

value of the Offer of Judgment less than [Cuellar]'s total verdict."[1] We review de novo the trial court's award of sanctions based on its interpretation of a court rule. *See Vega v. Sullivan*, 199 Ariz. 504, ¶ 8, 19 P.3d 645, 648 (App. 2001). Our primary goal in construing a court rule "'is to discern and give effect'" to the intent of the rule. *Warner v. Sw. Desert Images, LLC*, 218 Ariz. 121, ¶ 49, 180 P.3d 986, 1001 (App. 2008), *quoting Bridgestone/Firestone N. Am. Tire, L.L.C. v. A.P.S. Rent-A-Car & Leasing, Inc.*, 207 Ariz. 502, ¶ 15, 88 P.3d 572, 576 (App. 2004). The language of the rule itself is the "best and most reliable indicator" of intent. *Vega*, 199 Ariz. 504, ¶ 9, 19 P.3d at 648. If the plain language is unambiguous, we need not employ other methods of construction. *State v. Campoy*, 220 Ariz. 539, ¶ 11, 207 P.3d 792, 797 (App. 2009).

**¶5** Rule 68(g) requires a trial court to impose sanctions upon a party that rejects an offer of judgment and fails to obtain a more favorable judgment at trial. *See Levy v. Alfaro*, 215 Ariz. 443, ¶ 8, 160 P.3d 1201, 1203 (App. 2007) (award of sanctions pursuant to Rule 68(g) is mandatory). When determining whether a judgment is "more favorable" than an offer of judgment, the court must make an "apples to apples" comparison between the offer and the judgment finally obtained. *See Hales v. Humana of Ariz., Inc.*, 186 Ariz. 375, 378, 923 P.2d 841, 844 (App. 1996). For example, a court may not compare an offer of judgment, with costs, to the final award, without costs, as such would not permit an "apples to apples" comparison. *Id.*

**¶6** Cuellar argues the trial court erred in applying Rule 68 because "the true value of the Offer of Judgment [was] less than [Cuellar]'s total verdict." He claims that the actual value of the offer was $1,882.26—far less than the final judgment of $5,310.90, reasoning that the $10,000 offer of judgment required him to satisfy his medical lien, which was $6,936.84 at the time of the offer, and

---

[1] Although Vettorel argues that Cuellar has waived any objection to the offer of judgment by failing to object within ten days after the offer was made as required by Rule 68(d), Ariz. R. Civ. P., we construe Cuellar's argument on appeal as a challenge to the trial court's application of Rule 68(g), rather than an objection to the form of the offer.

included costs totaling $1,180.90. Cuellar argues the court should have "ruled that [his] recovery was greater than the actual amount of the actual judgment when the lien was taken into consideration." By not doing so, he claims, the "trial [c]ourt failed to properly compare 'apples to apples.'"

¶7        In support of his position, Cuellar urges us to adopt the Alaska Supreme Court's holding in *Dearlove v. Campbell*, 301 P.3d 1230 (Alaska 2013), that a subrogation payment made by the defendant directly to the subrogee must be added to the jury's damages award when making a Rule 68 comparison.[2] In that case, Campbell sued Dearlove for her damages arising from a vehicular collision. *Id.* at 1232. Campbell rejected Dearlove's pretrial offer of judgment of $18,000, which had required Campbell to satisfy her insurer's outstanding subrogation claim for medical expenses. *Id.* Dearlove's insurer subsequently paid Campbell's insurer $20,000 to satisfy the claim.[3] *Id.* Dearlove thereafter made a second offer of judgment for $5,000, which was conditioned upon Campbell satisfying all accident-related liens and expenses except the $20,000 subrogation payment Dearlove already had paid. *Id.* Campbell did not accept the second offer, and a jury, having been instructed to not "make an economic award for those expenses that have already been paid," awarded Campbell $3,870 in damages. *Id.*

¶8        The Alaska Supreme Court held that when evaluating the first offer of judgment for purposes of Rule 68, the trial court should compare the offer to the offeree's ultimate recovery — calculated by adding the previously paid subrogation payment to

---

[2]This case examined the application of Alaska R. Civ. P. 68(b), which is similar to Arizona's Rule 68(g), and provides in pertinent part that "[i]f the judgment finally rendered by the court is at least 5 percent less favorable to the offeree than the offer, . . . the offeree . . . shall pay all costs as allowed under the Civil Rules and shall pay reasonable actual attorney's fees incurred by the offeror from the date the offer was made."

[3]The same company insured both parties. *Dearlove*, 301 P.3d at 1232.

the amount the offeree recovered at trial.[4]  *Id.* at 1235.  Cuellar urges that *Dearlove* "stand[s] for the logical proposition that a Rule 68 offer that contains conditions or requirements that change the real value of the offer must be considered in light of what the offer was actually worth at the time it was made."  For the following reasons, we disagree.

¶9        We first question whether *Dearlove* stands for the principle proposed by Cuellar.  That case involves a voluntary payment to Campbell's insurer by Dearlove's insurer after Campbell filed a complaint specifically seeking reimbursement for her insurer's subrogated claim for medical expenses—a circumstance not present here.[5]  *Dearlove*, 301 P.3d at 1232.  Given that the amount of the subrogated claim had been established and paid prior to the second offer of judgment, the second offer excepted the $20,000 payment from its requirement that Campbell would be "responsible for satisfying any and all accident-related liens and expenses."  *Id.*  The *Dearlove* court concluded the $20,000 payment had to be added to the offer when making a Rule 68 comparison to prevent a party from "'creat[ing] a loophole allowing parties to either escape or create the punitive measures of an offer of judgment by simply making a gratuitous payment prior to the entry of a final judgment.'"  *Id.* at 1235, *quoting Progressive Corp. v. Peter ex rel. Peter*, 195 P.3d 1083, 1091 (Alaska 2008).  But the court did not, as Cuellar suggests, evaluate "what the offer was actually worth at the time it was made" by adjusting for other "accident-related liens and expenses," as Dearlove's offer had required.  *Id.* at 1232.

---

[4] As to Dearlove's second offer of judgment, the Alaska Supreme Court concluded that the $20,000 subrogation payment properly was excluded from Campbell's total recovery.  *Id.* at 1235.  That amount had been removed from Campbell's amount of damages by the time of the second offer, and she could not have expected to recover it at trial.  *Id.* at 1235-36.

[5] Nor is it likely to be present in any Arizona case because of our anti-subrogation doctrine—"a common law doctrine that bars the subrogation or assignment of personal injury claims."  *Estate of Ethridge v. Recovery Mgmt. Sys., Inc.*, 235 Ariz. 30, ¶ 4, 326 P.3d 297, 299 (App. 2014).

¶10        Even if *Dearlove* could be read to require the trial court, when applying Rule 68, to evaluate the "real value" of an offer "at the time it was made," the plain language of Arizona's rule does not permit Cuellar's approach.   Rather, Rule 68 requires a court to compare the offer, comprised of a "specifically stated sum" that includes "all damages, taxable court costs, interest, and attorneys' fees, if any, sought in the case" to the judgment finally obtained. Ariz. R. Civ. P. 68(b) and (g).   To determine if the judgment finally obtained is more favorable than the offer, the court may consider only those taxable costs and attorney fees incurred as of the date the offer was made.   Ariz. R. Civ. P. 68(g); *see also Vega*, 199 Ariz. 504, ¶ 12, 19 P.3d at 649 (had our supreme court intended taxable costs to be excluded from comparison of judgments, presumably it would have said so).   Nor is there a provision in the rule for subtracting medical liens from either the offer or the judgment before the two are compared.

¶11        Next, even were we to conclude that medical liens could be removed from the offer of judgment to determine its true value, Cuellar's proposal does not lend itself to an "apples to apples" comparison.   Rather, his suggested calculation would require the trial court to compare the offer of judgment, less costs and the medical lien, to the judgment following trial, less costs and fees, without consideration of the medical lien.   Although Cuellar is correct in stating that AHCCCS,[6] his medical provider, has a "lien by operation of law" pursuant to A.R.S. § 36-2915, and that it has asserted such a lien, Cuellar has not addressed how his medical liens would be satisfied following trial—liens which he asserts were much larger than at the time of the offer of judgment.[7]

---

[6] Arizona Health Care Cost Containment System is a state agency that administers health care services to Arizona's eligible indigent population pursuant to A.R.S. §§ 36-2901 through 36-2930.01.

[7] As Vettorel correctly points out, Cuellar was responsible for his medical bills both at the time of the offer and following trial; had he accepted the offer of judgment, he would have had $10,000 with which to do so; following trial, he had the lesser sum of $5,310.90.

**¶12** Moreover, even were it possible to account for a lien obligation in determining the net amount of an offer of judgment, as Cuellar proposes, it would not be possible to account for liens in a final judgment where, as here, Cuellar did not seek reimbursement for liens in his complaint, making an "apples to apples" comparison impossible under these circumstances. A "judgment finally obtained" means "the sum ultimately obtained in a particular case," *Hall v. Read Dev., Inc.*, 229 Ariz. 277, ¶ 14, 274 P.3d 1211, 1215 (App. 2012), and while it may include costs, interest, or attorney fees, it does not encompass any obligations a party may owe that were not litigated in the action. *See* Ariz. R. Civ. P. 58(a) and (g); A.R.S. § 44-1201(B); *see also Gerow v. Covill*, 192 Ariz. 9, ¶ 15, 960 P.2d 55, 59 (App. 1998) (suggesting judgment contingent on satisfaction of lien would be invalid, as conditional judgments generally void).

**¶13** Additionally, "'[t]he word 'judgment' is commonly understood to mean the act of a court which fixes clearly the rights and liabilities of the respective parties to litigation and determines the controversy at hand.'" *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, ¶ 28, 261 P.3d 784, 789 (App. 2011), *quoting Wolf Corp. v. Louis*, 11 Ariz. App. 352, 355, 464 P.2d 672, 675 (1970). Judgments do not encompass or direct any rights or obligations pertaining to third-party entities, such as medical lien holders, that are not parties to the action. *See State ex rel. Thomas v. Grant*, 222 Ariz. 197, ¶ 12, 213 P.3d 346, 350 (App. 2009) (with few exceptions, person not party to an action not bound by judgment in that action), *citing* Restatement (Second) of Judgments § 62 cmt. a (1982).

**¶14** Finally, we see nothing wrong with Vettorel's attempt to protect herself from any future liability for the liens. *See Hall*, 229 Ariz. 277, ¶ 18, 274 P.3d at 1216 (offer to settle usually represents offeror's willingness to pay specific amount in exchange for termination of further liability). As Vettorel points out, had Cuellar failed to pay his medical liens, AHCCCS potentially could pursue an action against her to satisfy the lien obligation. *See, e.g.*, A.R.S. §§ 36-2916 and 33-934. This result would be directly contrary to the purpose of Rule 68—to promote settlement and end litigation. *Levy*, 215 Ariz. 443, ¶ 12, 160 P.3d at 1203.

**¶15** Such purpose is not met by encouraging or requiring collateral litigation to determine liability for lien obligations

following entry of judgment. *See Warner*, 218 Ariz. 121, ¶ 57, 180 P.3d at 1003. Nor is it advanced by requiring evidence of the amount of liens asserted at the time of an offer of judgment as opposed to the obligation which may exist at the time a final judgment is entered. As Cuellar admits, these amounts can vary, making an "apples to apples" comparison inherently difficult and detracting from Rule 68(b)'s specificity requirement. *See also Drozda v. McComas*, 181 Ariz. 82, 86-87, 887 P.2d 612, 616-17 (App. 1994) (litigant considering offer of judgment engages in risk-benefit calculation based on knowledge at time of offer).

¶16 In considering whether Rule 68 sanctions were warranted, the trial court correctly determined that the jury's verdict did not exceed Vettorel's offer of judgment. It therefore did not err in awarding Vettorel sanctions pursuant to Rule 68(g).

**Disposition**

¶17 For the foregoing reasons, we affirm the trial court's judgment.