IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CURTIS F. LEE, *Plaintiff/Appellee/Cross-Appellant,*

*v.*

ING INVESTMENT MANAGEMENT, LLC, a Delaware limited liability
company, *Defendant/Appellant/Cross-Appellee.*

No. 1 CA-CV 15-0025
FILED 6-16-2016

Appeal from the Superior Court in Maricopa County
No. CV2010-092027
The Honorable David O. Cunanan, Judge

**AFFIRMED**

COUNSEL

Beus Gilbert PLLC, Phoenix
By Leo R. Beus, Thomas A. Connelly
*Counsel for Plaintiff/Appellee/Cross-Appellant*

Ogletree, Deakins, Nash, Smoak, & Stewart, PC, Phoenix
By Tracy A. Miller, Caroline K. Larsen
*Counsel for Defendant/Appellant/Cross-Appellee*

**OPINION**

Judge John C. Gemmill delivered the opinion of the Court, in which
Presiding Judge Samuel A. Thumma and Judge Maurice Portley joined.

**G E M M I L L**, Judge:

¶1          This appeal and cross-appeal arise from an action filed by
Curtis F. Lee against ING Investment Management, LLC ("IIM") following
the termination of Lee's employment.  For the following reasons, we affirm
the superior court's entry of judgment and its award of attorney fees and
costs.

## BACKGROUND

¶2          Beginning in 2001, Lee was employed by IIM as a chief credit
officer.  Lee was an at-will employee and never signed an employment
contract.  He did, however, sign a one-page letter (the "Severance
Agreement") outlining his rights in the event IIM terminated his
employment without cause:

> [I]n the event you are terminated without cause from your
> employment at [IIM] . . . you will receive a lump sum payment
> equivalent to one year of your base salary and your average
> annual bonus, provided that you sign the attached Release of
> All Claims at the time of your termination.[1]

The Severance Agreement was also signed by James Hennessy, then-
President and CEO of IIM.

¶3          In 2010, IIM terminated Lee's employment without cause.
According to Lee, IIM refused to pay him the amount owed under the
Severance Agreement.  Lee then filed this suit alleging breach of contract,
breach of the implied covenant of good faith and fair dealing, and
entitlement to treble damages under Arizona Revised Statutes ("A.R.S.")
section 23-355.

¶4          After extensive discovery, the parties filed cross-motions for
summary judgment.  The court granted partial summary judgment in favor
of IIM, dismissing Lee's claim under A.R.S. § 23-355 and rejecting Lee's

---

1  IIM argues for the first time on appeal that it has a "complete defense" to
Lee's claims because Lee never signed the release.  We decline to address
the argument raised for the first time on appeal. *See In re MH 2008-002659*,
224 Ariz. 25, 27, ¶ 10 (App. 2010).  Moreover, IIM made an offer of judgment
resolving Lee's claims under the severance agreement.  Lee accepted that
offer of judgment and judgment was entered.  IIM cannot now claim it has
an absolute defense to the judgment. *See Duwyenie v. Moran*, 220 Ariz. 501,
506, ¶ 16 (2009) (explaining that a party cannot challenge a judgment to
which it consented).

calculation of the Severance Agreement's bonus provision. The court denied both parties' motions for summary judgment on all other claims.

¶5            IIM subsequently presented Lee with an offer of judgment under Arizona Rule of Civil Procedure ("Rule") 68. IIM's offer provided that the court would enter a judgment against IIM and in favor of Lee in the amount of $900,000, exclusive of any attorney fees that Lee would be entitled to recover. Lee accepted the offer, and the court entered judgment against IIM. Lee then filed a motion requesting attorney fees and costs, which the court granted in part.

¶6            Both parties timely appeal. IIM argues the superior court improperly determined Lee was the successful party for the purposes of attorney fees under A.R.S. § 12-341.01(A). Lee argues the superior court erred by rejecting his claim for treble damages under A.R.S. § 23-355 and by not awarding him the entirety of his attorney fees and costs. This court has appellate jurisdiction under A.R.S. § 12-2101(A)(1).

## ANALYSIS

### I.     The Superior Court's Attorney Fees and Costs Award

¶7            After Lee accepted IIM's offer of judgment, he filed a timely motion for attorney fees under A.R.S. § 12-341.01(A).[2] Lee requested more than $900,000 in attorney fees and $105,610.62 in taxable and non-taxable costs. IIM objected and filed its own motion for attorney fees and costs, claiming that it was the successful party. After reviewing "the totality of the litigation and considering all relevant factors," the superior court found Lee was the successful party and awarded him $562,000 in attorney fees and $18,021.21 in costs, awards both parties challenge on appeal.

### A.     IIM's Appeal — Successful Party Determination

¶8            IIM argues the superior court improperly determined that Lee, rather than IIM, was the successful party in the action. The determination of the successful party under A.R.S. § 12-341.01(A) is within the "discretion of the trial court," and we will not disturb the court's award "if any reasonable basis exists" to support it. *Berry v. 352 E. Virginia, LLC*, 228 Ariz. 9, 13, ¶ 21 (App. 2011) (quoting *Sanborn v. Brooker & Wake Prop.*

---

[2] In relevant part, A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the *successful party* reasonable attorney fees." (Emphasis added.)

*Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994)); *Hawk v. PC Village Ass'n Inc.*, 233 Ariz. 94, 100, ¶ 19 (App. 2013).

**¶9**   IIM contends the amount of Lee's recovery, compared with the damages he originally sought, shows that Lee was not the successful party. In his complaint, Lee sought compensatory damages under the Severance Agreement and trebling of those damages under A.R.S. § 23-355. But the superior court granted summary judgment against Lee on his claim for treble damages, reducing by two-thirds the amount of Lee's potential recovery. The superior court also rejected Lee's argument that the bonus provision of the severance agreement should be calculated using the average value of the last three bonuses Lee actually received, rather than the average of his bonuses during the last three years of his employment.[3] Accordingly, as a result of successfully defending the majority of Lee's claims in terms of dollar value, IIM argues it was the successful party.

**¶10**   IIM has shown no abuse of discretion. "Partial success does not preclude a party from 'prevailing' and receiving a discretionary award of attorneys' fees"; the superior court may find that a party is the successful party even when the recovery it obtains is "significantly reduced." *Berry*, 228 Ariz. at 14, ¶¶ 23–24. Although the court's entry of summary judgment against Lee on his treble damages claim precluded him from recovering a significant portion of the damages he sought, Lee still obtained a $900,000 judgment on the key claim of his suit. Furthermore, although a monetary award is not alone dispositive, it is still "an important item [for the court] to consider when deciding who, in fact, did prevail" in the litigation. *See Ocean W. Contractors, Inc. v. Halec Constr. Co.*, 123 Ariz. 470, 473 (1979). In light of the totality of the litigation, there is a reasonable basis for the superior court's conclusion that Lee was the successful party under A.R.S. § 12-341.01(A). *See Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (App. 1990) (affirming superior court's use of a "totality of the litigation" test for determining the successful party).

### B. Lee's Appeal — Amount of Fees and Costs Awarded

**¶11**   In his cross appeal, Lee argues the court erred by awarding him less than the total amount of fees and costs he requested under A.R.S.

---

[3] The Severance Agreement states: "The average annual bonus will be calculated by averaging the annual bonuses you have received during the three full calendar years preceding the date of your termination . . . ." Lee received a bonus in only two of the last three years of his employment.

§§ 12-341.01 and 12-341.[4]  We review the amount of the superior court's attorney fees and costs awards for an abuse of discretion.  *Modular Mining Systems, Inc. v. Jigsaw Technologies, Inc.*, 221 Ariz. 515, 521, ¶ 21 (App. 2009) (fees); *Graville v. Dodge*, 195 Ariz. 119, 130 (App. 1999) (costs).

**¶12**        Lee has not shown there is no reasonable basis for the superior court's reduced fee award.  *See Hawk*, 223 Ariz. at 100, ¶ 21 ("Though reasonable minds may have balanced the factors differently, we cannot say that the superior court's decision was an abuse of discretion."); *see also Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, ¶ 9 (explaining that the court "will affirm an award with a reasonable basis even if the trial court gives no reasons for its decision").  In their motions for fees and costs, each party pointed to the possibility of early resolution and the complicated and lengthy discovery process as evidence that the other party acted unreasonably during the suit, thereby driving up the cost of litigation.  Both parties agree that IIM was willing to pay up to $670,000 to resolve Lee's claims before the lawsuit was filed.  Lee contends the costs of litigation were thus inflated by IIM's "bad faith litigation tactics."  IIM counters by arguing Lee's "unreasonableness" made it necessary for IIM to "defend itself [through] this long, protracted litigation."

**¶13**        As it was required to do, the court reviewed "the moving papers and any attachments, the relevant statutory and legal authority, and the facts" of the case and determined a reasonable amount of fees and costs to award Lee.  *See Hawk*, 223 Ariz. at 100, ¶ 21.  In so doing, the court determined that Lee was entitled to some, but not all, of his requested costs and attorney fees.[5]  On this record, Lee has not shown the superior court's reduced fees and costs award was an abuse of discretion.

## II.    Partial Summary Judgment and Rule 68

**¶14**        Lee also argues the superior court's grant of partial summary judgment on his treble damage claim was contrary to law.  We do not reach

---

[4]  In relevant part, A.R.S. § 12-341 provides: "The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law."  "Costs" in the superior court are defined as taxable costs, such as witness fees, costs of depositions, compensation of referees, and certified copies.  A.R.S. § 12-332; *In re Nelson*, 207 Ariz. 318, 323, ¶ 20 (2004).

[5]  The record reveals the superior court limited Lee's recovery of costs to taxable costs in accordance with A.R.S. § 12-341 and A.R.S. § 12-332.

Lee's arguments, however, because his right to appeal the interlocutory summary judgment rulings was extinguished when he accepted IIM's offer of judgment under Rule 68.

**¶15**       Rule 68 allows any party to serve on the other party an offer allowing judgment to be entered in accordance with the offer's terms. If the offer of judgment is accepted, then "either party may file the offer together with proof of acceptance, and a judgment . . . shall be entered." Ariz. R. Civ. P. 68(c). Once entered by the court, an accepted offer of judgment represents a substantive adjudication of the case on its merits. *See 4501 Northpoint LP v. Maricopa Cnty.*, 212 Ariz. 98, 102, ¶ 19 (2006) (explaining that a Rule 68 judgment, "under ordinary principles of claim preclusion," prevents the parties thereto from re-litigating the claims resolved by the judgment). Accordingly, a party's acceptance of a Rule 68 offer of judgment ends litigation and represents a final resolution of all claims at issue therein. *See id.*; *see also Cuellar v. Vettorel*, 235 Ariz. 399, 403, ¶ 14 (App. 2014) (holding that Rule 68 prevents "collateral litigation" to determine liability after entry of judgment).

**¶16**       IIM's offer of judgment encompassed all of Lee's claims, including the claims addressed by the partial summary judgment ruling. "Because an offer of judgment need not be apportioned by claim, it follows that a party's offer encompasses all the opposing party's claims, unless otherwise specified in the language of the offer." *Douglas v. Governing Bd. of Window Rock*, 221 Ariz. 104, 109–10 (App. 2009) (explaining that offer of judgment in a class-action suit encompassed both (1) the class certification and (2) the individual claim on the merits) (internal quotations omitted). We disagree with Lee's contention that the claims resolved by the partial summary judgment rulings were no longer "in this action" at the time of IIM's offer of judgment. Those rulings did not dispose of all claims nor were they certified as final and appealable under Rule 54(b).

**¶17**       Lee cites *Wersch v. Radnor/Landgrant*, 192 Ariz. 99, 102 (App. 1997), in which this court explained that a Rule 68 offer of judgment could not nullify a court's ruling on summary judgment because that ruling "resolved *all* of the issues between the plaintiffs and this defendant." (Emphasis added.) In contrast to *Wersch*, the partial summary judgment rulings in this case did not resolve all issues between Lee and IIM. The Rule 68 judgment therefore encompassed the entirety of Lee's claims, including the unappealed, interlocutory summary judgment rulings.

**¶18**       This interpretation of Rule 68 is consistent with the purpose of the rule. Rule 68 helps parties settle meritorious claims outside of court,

thus avoiding needless litigation. *Warner v. Southwest Desert Images, LLC*, 218 Ariz. 121, 138, ¶ 57 (App. 2008) (explaining that the purpose of Rule 68 is not met by allowing collateral litigation to determine whether the parties to a lien acted in good faith when refusing to reach a settlement). Allowing parties to continue litigating issues no longer central to the resolution of the case would run contrary to Rule 68's purpose of avoiding prolonged, unnecessary legal disputes. *Cuellar*, 235 Ariz. at 403, ¶ 14; *see also Levy v. Alfaro*, 215 Ariz. 443, 445, ¶ 12 (App. 2007) ("Rule 68 is intended to encourage settlement and avoid protracted litigation."); *Wersch*, 192 Ariz. at 102 (when "summary judgment had already resolved the matter," there was no need for the parties to reach agreement under Rule 68).

**¶19** By accepting IIM's offer of judgment, Lee agreed to end the litigation on all claims encompassed by his complaint once judgment was entered against IIM. Accordingly, Lee cannot now appeal the superior court's interlocutory summary judgment rulings because he agreed to entry of judgment resolving those claims. *See Duwyenie v. Moran*, 220 Ariz. 501, 506, ¶ 16 (App. 2009) ("A party cannot generally appeal from an order that it consented to have entered against it."); *Douglas*, 221 Ariz. at 108–09, ¶ 9 ("It is a well-established rule that a party cannot appeal from a judgment to which it consents.").

**¶20** Lee argues that his consent to the judgment was conditional upon the superior court's earlier promise to "preserve all parties' rights of appeal." IIM's response is that, in the event Lee's acceptance was in fact conditional, the judgment is invalid because Lee never properly accepted it. Neither argument is supportable.

**¶21** This court's appellate jurisdiction is limited by statute, and the superior court cannot enlarge a party's right to appeal nor this court's jurisdiction to hear an appeal. *See Garza v. Swift Transp. Co. Inc.*, 222 Ariz. 281, 283–84, ¶ 12 (explaining that this court's appellate jurisdiction is derived "wholly from statutory provisions" (quoting *Eaton v. Unified Sch. Dist. No. 1*, 122 Ariz. 391, 392 (App. 1979))); *see also State ex rel. Neely v. Rodriguez*, 165 Ariz. 74, 77 (1990) (explaining that this court cannot expand its statutory appellate jurisdiction by using its special action jurisdiction when a party has failed to timely file a notice of appeal).[6] The acceptance

---

[6] The parties may have misinterpreted the superior court's good-faith attempt to preserve an appellate remedy beyond the acceptance of a Rule 68 offer of judgment. But the superior court subsequently explained, during argument on IIM's motion for clarification, that it did not purport

of the Rule 68 offer and the entry of judgment resolved all the claims between the parties (including the interlocutory rulings), meaning there was nothing to appeal.

## CONLCUSION

**¶22**          We affirm the judgment and award of fees and costs as set forth in the superior court's November 26, 2014 order. Both parties request attorney fees and costs on appeal. We conclude that neither Lee nor IIM prevailed in this appeal. Because neither side was "successful" under A.R.S. § 12-341.01 or § 12-341, we decline to award attorney fees or costs on appeal to either party. *See Smith v. Pinnamaneni*, 227 Ariz. 170, 179, ¶ 29 (App. 2011).



Ruth A. Willingham · Clerk of the Court
F I L E D : AA

---

to expand the parties' rights to appeal: "I can't confer something I don't have, and that's a question for the Court of Appeals . . . ."