NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

CONNIE HOVANNISIAN, *Petitioner/Appellee,*

v.

DAMON HOVANNISIAN, *Respondent/Appellant.*

No. 1 CA-CV 18-0448 FC
FILED 10-24-2019

Appeal from the Superior Court in Maricopa County
No. FC2018-053017
The Honorable Richard F. Albrecht, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Tiffany & Bosco, PA, Phoenix
By David L. Rose
*Counsel for Petitioner/Appellee*

Cavanagh Law Firm, Phoenix
By Karen C. Stafford
*Counsel for Respondent/Appellant*

### MEMORANDUM DECISION

Judge David D. Weinzweig delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**W E I N Z W E I G**, Judge:

**¶1**          Damon Hovannisian appeals the superior court's denial of his
motion for relief from judgment and award of attorney's fees to Connie
Hovannisian.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**          The superior court issued a temporary order of protection for
Connie against Damon on May 1, 2018.  Connie then moved the court to
extend the order on May 29.  That afternoon, the court held an evidentiary
hearing and ruled from the bench "that good cause exists to continue the
Order of Protection in this case with some modifications."  Connie attended
the hearing with her lawyer, and Damon attended the hearing with his
lawyer.

**¶3**          Damon had until June 28 to file a notice of appeal—30 days
from the May 29 order.  And Damon's lawyer "instructed" his legal
assistant to "calendar the deadline for an appeal to occur within 30 days,"
but the legal assistant confused the number of days in May and mistakenly
calendared the deadline for 31 days or June 29.  The lawyer thus filed
Damon's notice of appeal a day late on June 29, "believing that the date
calendared was accurate."

**¶4**          Connie then moved to dismiss the appeal as untimely.
Damon did not contest the timeliness of his appeal, but instead moved the
superior court "to grant relief from the Order of Protection" under Arizona
Rule of Civil Procedure 60(b)(1).[1]  Attributing the mistake to "excusable
neglect," Damon asked the court to vacate and re-enter the order "so that
[he] may re-file a timely Notice of Appeal."

**¶5**          The court denied Damon's motion, reasoning that "the
Court's order was entered from the bench," "[Damon] and counsel were

---

[1]      Rule 60(b) was renumbered from Rule 60(c) in 2016, but its substance
was unchanged.  *See Gonzalez v. Nguyen*, 243 Ariz. 531, 532, ¶ 1, n.1 (2018).

present," and "counting the wrong number of days toward a deadline to file a Notice of Appeal" is not excusable neglect "without any additional circumstances as in" *City of Phoenix v. Geyler*, 144 Ariz. 323 (1985).

**¶6**　　　Damon filed timely appeals of the final order denying his motion for relief and later award of attorney's fees to Connie, which are consolidated into this appeal. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(2).

## DISCUSSION

### A. Rule 60(b) Motion

**¶7**　　　We review the superior court's ruling on a motion for relief for abuse of discretion and will affirm the superior court's decision "where any reasonable view of the facts and law might support the judgment." *Geyler*, 144 Ariz. at 328, 330. We likewise affirm the superior court's decision where it "has reached the right result for the wrong reason." *Id.* at 330.

**¶8**　　　Rule 60(b) authorizes a court to grant relief from a final order for mistake, inadvertence or excusable neglect. *Geyler*, 144 Ariz. at 331. But Damon must satisfy "more stringent standards" to have a judgment vacated and reentered for taking a delayed appeal. *Geyler*, 144 Ariz. at 328. On top of excusable neglect, Damon must make "[a] stronger showing" that (1) he did not receive notice of the order of protection, (2) he exercised due diligence to stay informed about the date of the order, (3) he promptly filed a motion for relief when discovering the error, and (4) the other party suffered no prejudice. *Id.* He must also show "extraordinary," "unique" or "compelling" circumstances. *Id.*

**¶9**　　　We find no abuse of discretion here and affirm the superior court's denial of relief, but clarify the basis to eliminate any confusion.

**¶10**　　　To begin, Damon may have satisfied the threshold standard for excusable neglect because his attorney had office procedures in place to ensure timely filing, his legal assistant made "the type of clerical error which might be made by a reasonably prudent person who attempted to handle the matter in a prompt and diligent fashion," *id.* at 332, and the lawyer reasonably relied on his legal assistant, having no reason to distrust her based on past performance or prior "inefficiency or undependability," *Coconino Pulp & Paper Co. v. Marvin*, 83 Ariz. 117, 121 (1957); *See also Daou v. Harris,* 139 Ariz. 353, 360 (1984) ("[C]lerical and secretarial errors . . . are often unavoidable and often times excusable.").

¶11        But the record indicates that Damon did not and could not meet the "stronger showing" under *Geyler* or show "extraordinary," "unique" or "compelling" circumstances. *See J.C. Penney v. Lane,* 197 Ariz. 113, 116 (App. 1999) (failure to meet any of the four factors or the lack of extraordinary circumstances constitutes grounds to deny relief).

¶12        Damon cannot demonstrate the first *Geyler* factor that he received no notice of the order of protection because Damon and his lawyer were present in the courtroom when the trial judge announced her ruling from the bench on May 29, 2018. Nor does the record reveal the unique and extraordinary circumstances required for relief to transform an untimely appeal into a timely appeal. And Damon only asserts that the "circumstances are those that are specifically contemplated" by the rule.

¶13        Damon also argues the superior court erred because it provided "no analysis" of the *Geyler* factors, but courts "generally are not required to give reasons for discretionary rulings," *Geyler*, 144 Ariz. at 329 n.3, and the record contains ample support for the court's denial of Damon's Rule 60(b) motion.

## B.    Attorney's Fees

¶14        We examine the superior court's award of attorney's fees for abuse of discretion. *Lee v. ING Inv. Mgmt., LLC,* 240 Ariz. 158, 161 ¶ 11 (App. 2016). The court makes an abuse of discretion "when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support the decision." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30, ¶ 14 (App. 2003).

¶15        The court had authority to grant costs and reasonable attorney's fees under A.R.S. § 13-3602(P), after considering (1) the merits of the defense or claim of the unsuccessful party; (2) extreme hardships that might be suffered by the unsuccessful party in paying the award; and (3) the deterrent effect the award might have on valid claims. Ariz. R. Protect. Ord. P. 39.

¶16        Damon argues the superior court abused its discretion because he had "valid reasons" to oppose Connie's motion for protective order. But he misses the point. The court examined the merits of the arguments that Damon raised, not his motivation or reasons to contest the motion. The court found that Damon made several baseless arguments, including that his surveillance of Connie was not harassment because she did not know about it and he had "legitimate" reasons to surveil her. The court did not abuse its discretion.

## CONCLUSION

**¶17**        We affirm the superior court's denial of Rule 60(b) relief and award of attorney's fees.



AMY M. WOOD • Clerk of the Court
FILED:  AA