NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROSALIE DEATCHER, *Plaintiff/Appellee*,

*v.*

GERRY DRAKE, *Defendant/Appellant*.

No. 1 CA-CV 22-0524
FILED 5-18-2023
AMENDED PER ORDER FILED 5-19-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-017108
North Valley Justice Court
No. CC2021-14780
The Honorable Paula A. Williams, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Harper Law PLC, Gilbert
By Kevin R. Harper
*Counsel for Plaintiff/Appellee*

Gerry Drake, Glendale
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.

---

**F O S T E R**, Judge:

¶1          In this eviction appeal, the tenant contends that he was not properly served a pre-litigation notice under the Arizona Landlord Tenant Act ("ALTA") and that the superior court improperly assessed attorneys' fees against him. This Court affirms.

## FACTS AND PROCEDURAL HISTORY

¶2          Rosalie Deatcher and Gerry Drake lived together in a Phoenix residence. They have never been married and Deatcher singularly holds title to the residence as the trustee of a living trust. In July 2021, Deatcher notified Drake that she was terminating his tenancy at the residence and demanded that he vacate the property by the end of August 2021, or else face litigation. The parties agree that Deatcher sent the notice to Drake by United States mail and that he received it; they dispute whether the notice was delivered by other means as well.

¶3          After receiving the notice to vacate, Drake failed to leave the residence and Deatcher filed this action for possession and holdover rent under Arizona Revised Statutes ("A.R.S.") § 33-1375. Drake moved to dismiss, arguing that the notice was not delivered as required by A.R.S. § 33-1313. The superior court denied Drake's motion and the matter proceeded to trial, where the jury found that Deatcher was entitled to possession. It also found Drake was not liable for holdover rent. The superior court entered judgment on the verdict and awarded Deatcher about $7,000 to cover half of her attorneys' fees and costs.

¶4          Drake timely appealed. This Court has jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I.      DRAKE WAS PROVIDED PROPER PRE-LITIGATION NOTICE.

¶5          Drake first contends that he is entitled to relief because the July 2021 pre-litigation notice was not delivered to him in the proper manner as required by applicable statutes. This Court reviews questions of statutory interpretation *de novo*. *Pima Cnty. v. Pima Cnty. Law Enf't. Merit Sys. Council*, 211 Ariz. 224, 227, ¶ 13 (2005).

¶6          Section 33-1375 requires residential landlords to provide a written notice when terminating a periodic tenancy. Section 33-1313 describes what constitutes notice. We reject Drake's contention that § 33-1313 requires landlords to provide notice by hand-delivery or registered or certified mail. To be sure, the statute recognizes that those mechanisms provide notice. *See* A.R.S. § 33-1313(B). But the statute does not limit notice to those mechanisms. To the contrary, § 33-1313 recognizes that notice of a fact exists when a person has "actual knowledge of it." *See* A.R.S. § 33-1313(A). Further, the statute broadly provides that notice is effectuated "by taking steps reasonably calculated to inform the other in ordinary course[,]" and that a person receives notice "when it comes to his attention, *or . . .*" it is delivered by the methods Drake identifies. A.R.S. § 33-1313(B) (emphasis added). The applicable procedural rule provides only that a *complaint* in an eviction action must specify the manner of service but does not specify *how* a notice to vacate must be served; the rule does not conflict with statute. *See* Ariz. R.P. Eviction Actions ("RPEA") 5(b)(7).

¶7          Here, it is undisputed that the required notice was mailed to Drake and that he received it. On this record, he had actual knowledge of the notice; the statutory requirements were satisfied.

### II.     THE SUPERIOR COURT ACTED WITHIN ITS DISCRETION IN AWARDING ATTORNEYS' FEES.

¶8          Drake next challenges the attorneys' fees award, arguing that Deatcher could not recover fees under A.R.S. § 12-341.01 and RPEA 13(f) because she did not prevail on her request for holdover rent. Under the statute and rule, the court may award attorneys' fees to the successful party in a contested action arising out of contract.[1] This Court defers to the superior court's determination of the successful party and will not disturb a fee award unless no reasonable basis supports it. *Lee v. ING Inv. Mgmt.*,

---

[1]     Statutes governing special and forcible detainer actions also authorize fees. *See* A.R.S. §§ 12-1178, 33-1377(D).

240 Ariz. 158, 161, ¶ 8 (App. 2017). Partial success does not disqualify a party from recovering fees. *Id.* at ¶ 10.

**¶9** The superior court acted within its discretion in awarding fees to Deatcher. The action arose out of contract, Deatcher prevailed on the central issue of possession and the award sought was reduced by half.

## CONCLUSION

**¶10** The judgment is affirmed for the reasons set forth above. Deatcher's request for attorneys' fees on appeal is denied. Deatcher is entitled to recover her costs on appeal upon compliance with Ariz. R. Civ. App. P. 21.

